United States District Court
Southern District of Texas
FILED

FEB 25 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CARLOS ATKINSON, § | |
| Plaintiff, § | |
| § | |
| VS § | |
| § | CIVIL ACTION NO. B-04 **B-04-039** |
| § | |
| THOMAS J. RIDGE, In His Official § | |
| Capacity as Secretary, United States § | |
| Department of Homeland Security § | |
| US CUSTOMS & BORDER PROTECTION § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW CARLOS ATKINSON, Complainant herein, and would show:

1. <u>Jurisdiction</u>. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1336 (United States Defendant); 28 U.S.C. § 1331 (federal question); and under 29 U.S.C. §623 and §633a (ADEA).

2. <u>Parties</u>. Plaintiff Atkinson is a Supervisory Customs Inspector, GS-1890-12, of the United States Department of Homeland Security / U.S. Customs & Border Protection, and who has worked for the U.S. Government in the State of Texas during Plaintiff's long federal civil service career. Defendant U.S. Department of Homeland Security / U.S. Customs & Border Protection is an agency of the United States federal government sued here through its Secretary, Thomas J. Ridge.

3. <u>Cause of Action</u>. Plaintiff Atkinson alleges that he has been subjected to discrimination in violation of 29 U.S.C. §623 and §633a (ADEA) because of his age. Plaintiff says that he is

1

over the age of forty (40) years and has earlier initiated and exhausted his relevant administrative remedies and is now therefore entitled to file this lawsuit in federal district court (DHS Complaint no. 03-0048; Agency Case No. TD 02-2207). Plaintiff further alleges that Defendant violated §2302 of Title 5, United States Code, 5 C.F.R. 185.103, 31 C.F.R. 0.207, 29 C.F.R. 1614.108, and MD110, Ch 6, X111.1.

4. <u>Factual Allegations</u>. Plaintiff Atkinson says that Defendant's local employees, in general, have suffered discrimination based on age in the following manner: Older employees have been promoted less often than younger co-workers with poorer qualifications. Older employees have also been discriminated against with respect to job assignments. Specifically, Plaintiff Atkinson says that Douglas Ahern, Assistant Port Director openly stated that older, local Customs employees would be pushed out of their employment. Plaintiff Atkinson has been a Customs employee for more than twenty-five years and has during such period of time been denied several promotions in favor of less qualified, younger co-workers. Plaintiff has an excellent record of performance throughout Plaintiff's decades of service. Plaintiff says that he has been subjected to adverse employment actions because of his age, to wit, has been denied promotions because of his age and thereby has suffered significant economic losses, including lost income in the form of wages and reduced pension benefits. Plaintiff would further allege that he has also experienced significant mental anguish relating to the stigma of not being promoted. Plaintiff Atkinson further says that he was recently denied a promotion to which he was entitled. Such promotion was given to a younger co-worker who not only had significantly inferior qualifications but whose qualifications were, in fact, below the minimum qualifications required and advertised for

the position. Further, Plaintiff Atkinson says that the promotion of the co-worker was illegal because of Service rules which prohibit the giving of promotions to out-of-area employees when qualified candidates are available within the same service area. Additionally, Plaintiffs say that improper interview procedures were utilized in order to award the position to a younger employee.

5. <u>Judgment Demand</u>.   Plaintiff demands that judgment be entered for the relief requested herein, to wit, that Plaintiff be placed in the employment position to which Plaintiff would be entitled but-for the herein-alleged age discrimination, that back wages be awarded, that pension benefits be adjusted retrospectively, that attorneys fees, costs of court, pre and post judgment interest be awarded, mental anguish damages, and that Plaintiff have such other and further relief to which he may justly be entitled.

**JURY DEMAND MADE**

Respectfully Submitted,

_____
DENIS A. DOWNEY
Bar No. 06085500
Federal No. 1186
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
956-544-0561 / 956-544-0562 (FAX)

ATTORNEY IN CHARGE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent this 26th day of February, 2004, via the U.S. Mail, first class, postage prepaid, to the following:

Thomas J. Ridge, Secretary
Department of Homeland Security
Washington, DC 20528

Daniel W. Sutherland
Department of Homeland Security
Office of Civil Rights and Civil Liberties
Washington, DC 20528

Patricia L. Makin
Office of the Security Chief Counsel
Customs and Border Protection
2323 S. Shepherd Dr., Suite 1246
Houston, Texas 77019

Linda Batts
Special Assistant to the commissioner (Equal Opportunity)
Customs and Border Protection
Ronald Reagan Building
1300 Pennsylvania Avenue, N.W. Room 3.2A
Washington, DC 20229

Vernon L. Lewis
Assistant U.S. Attorney
Southern District of Texas
910 Travis, Suite 1500
P.O. Box 61129
Houston, TX 77208-1129

John Ashcroft
U.S. Attorney General,
5137 Robert F. Kennedy Building
10th Street & Constitution Ave. NW
Washington, D.C. 20530

_____
Denis A. Downey