3

United States District Court
Southern

MAY 1 9

Michael N.
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

CARLOS ATKINSON )
)
Plaintiff, )  Case No. B-04-039
)
)
v. )
)
THOMAS J. RIDGE, Secretary )
U.S. DEPARTMENT OF )
HOMELAND SECURITY )
)
Defendant. )

## DEFENDANT'S ANSWER

The Defendant, by and through Michael T. Shelby, the United States Attorney for the Southern District of Texas, and his designated attorney-in-charge, Nancy L. Masso, Assistant United States Attorney, in accordance with Rule 12(a) of the Federal Rules of Civil Procedure hereby files and serves the Defendant's Answer to Plaintiff's Complaint.

### Jurisdiction

Paragraph 1. Admit that this court has jurisdiction over non-selection of Plaintiff for Supervisory Customs Inspector position on December 4, 2001, the issue in TD 02-2207, under 29 U.S.C. 633a (ADEA). The remainder of the averments are denied, and jurisdiction as to other matters is also denied. Defendant denies jurisdiction under 29 U.S.C. 1336 and 29 U.S.C. 623.

### Parties

Paragraph 2. Admit that Plaintiff is a Supervisory Customs Inspector, GS-1890-12, of the United States Department of Homeland Security, Bureau of Customs & Border Protection,

formerly with the United States Customs Service. Admit that the Department of Homeland Security is the successor agency to U.S. Customs and that its secretary is Thomas J. Ridge. Admit that Plaintiff has been employed by U.S. Customs for over thirty years.

Cause of Action

Paragraph 3. Deny that Plaintiff has been subjected to discrimination in violation of 29 U.S.C. 623. Plaintiff avers that he was discriminated against under 29 U.S.C. 633a, which Defendant denies. Admit that Plaintiff is over the age of forty (40) years and that he initiated and exhausted his relevant administrative remedies with respect to Agency Case No. TD 02-2207, DHS Complaint No. 03-0048, and is therefore entitled to file suit in federal district court with respect to those allegations. Defendant denies the remainder of the averments. Defendant denies that there is jurisdiction under 5 U.S.C. 2302, 5 C.F.R. 185.103, 31 C.F.R. 0.207, 29 C.F.R. 1614.108, and MD110, Ch 6, X111.1.

Factual Allegations

Paragraph 4. This paragraph should be struck for failure to allege facts with particularity and for failure to adhere to Fed. R. Civ. P. 10.

Plaintiff's allegations regarding "local employees" in general should be struck for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. Those allegations should be dismissed because Plaintiff has not exhausted administrative remedies.

Defendant admits that Plaintiff has been employed more than twenty-five years with U.S. Customs, that he was denied promotion on December 4, 2001, and that the selectee was younger than Plaintiff. Defendant also admits that when Plaintiff was not promoted he did not receive the wage increase accompanying the promotion and any increased

2

pension benefit attributable to that wage increase.   Defendant is without sufficient information to admit or deny other non-promotions of Plaintiff, and they are therefore denied.  The remainder of the averments in paragraph 4 are denied.

## Judgment Demand

Paragraph 5.  Defendant denies that Plaintiff is entitled to any relief whatsoever in this case.  Attorney's fees and mental anguish damages cannot be awarded under the ADEA for federal employees, 29 U.S.C. 633a.

## FIRST DEFENSE

The complaint does not state a claim for which relief can be granted as to matters other than Plaintiff's non-selection on December 4, 2001, which necessitates those matters being dismissed under Fed. R. Civ. P. 12(b) (6).

## SECOND DEFENSE

The court does not have jurisdiction over Plaintiff's allegations other than the non-selection on December 4, 2001, and the other matters should be dismissed under Fed. R. Civ. P. 12(b) (1).

## THIRD DEFENSE

The court does not have jurisdiction over Defendant's other allegations than the Plaintiff's non-selection on December 4, 2001, because Plaintiff has failed to exhaust his administrative remedies with respect to those matters.

## FOURTH DEFENSE

The court does not have jurisdiction under Fed. R. Civ. P. 12(b) (1) or 12 (b) (6) to consider Plaintiff's allegations other than his non-selection on December 4, 2001, because he has not alleged exhaustion of his administrative remedies as to those other matters.

3

## FIFTH DEFENSE

Sovereign immunity has not been waived for a jury trial under 29 U.S.C. 633a.

## SIXTH DEFENSE

The court is without jurisdiction to award attorney's fees in an action under 29 U.S.C. 633a.

## SEVENTH DEFENSE

The court is without jurisdiction to award compensatory damages under 29 U.S.C. 633a.

## EIGHTH DEFENSE

Assuming the trier of fact determines that Plaintiff's age was a motivating factor, Defendant would have made the same employment decision.

## NINTH DEFENSE

The district court is without jurisdiction under 28 U.S.C. 1336 and 29 U.S.C. 623.

## TENTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted under 5 U.S.C. 185.103, which necessitates that cause of action being dismissed under Fed. R. Civ. P. 12 (b) (6).

## ELEVENTH DEFENSE

The court does not have subject matter jurisdiction of Plaintiff's action under 5 C.F.R. 185.103, and that cause of action should be dismissed under 12 (b) (1).

## TWELFTH DEFENSE

Plaintiff fails to state a claim for which relief can be granted as to his allegation under 31 C.F.R. 0.207, which necessitates this cause of action being dismissed under

Fed. R. Civ. P. 12(b) (6).

### THIRTEENTH DEFENSE

The district court does not have jurisdiction over Plaintiff's allegation of a violation under 31 C.F.R. 0.207, and that cause of action should be dismissed under Fed. R. Civ. P. 12(b) (1).

### FOURTEENTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted under 29 C.F.R. 1614.108, which necessitates this alleged cause of action being dismissed under Fed. R. Civ. P. 12(b) (6).

### FIFTEENTH DEFENSE

The district court is without jurisdiction over Plaintiff's alleged cause of action under 29 C.F.R. 1614.108, and that alleged cause of action should be dismissed under Fed. R. Civ. P. 12(b) (1).

### SIXTEENTH DEFENSE

Plaintiff's allegation of a violation under MD110, Ch. 6, X111.1 should be dismissed under Fed. R. Civ. P. 12(b) (6) and 12(b) (1) for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

### SEVENTEENTH DEFENSE

Plaintiff's allegations of violation of 5 U.S.C. 2302 fails to state a claim for which relief can be granted, which necessitates the cause of action being dismissed under Fed. R. Civ. P. 12(b) (6).

## EIGHTEENTH DEFENSE

The district court does not have jurisdiction over Plaintiff's allegation of a violation of 5 U.S.C. 2302, and the alleged cause of action should be dismissed under Fed. R. Civ. P. 12(b) (1).

## NINETEENTH DEFENSE

The complaint should be dismissed under Fed. R. Civ. P. 12(b) (4) and 12(b) (5) for insufficiency of process and insufficiency fo service of process.

Any allegation not hereinbefore admitted or denied is denied.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's complaint be dismissed.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 East Harrison St., No. 201
Brownsville, TX 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## Certificate of Service

I certify that on **May 19, 2004,** a copy of the Defendant's Answer was mailed to Plaintiff's attorney, Denis A. Downey, Attorney at Law, 1185, FM 802, Suite 3, Brownsville, Texas 78521, via certified mail, return receipt requested.

Nancy L. Masso
Assistant U. S. Attorney

6