IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CARLOS ATKINSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. B-04-039 |
| ) | |
| THOMAS J. RIDGE[1], Secretary ) | |
| U.S. DEPARTMENT OF ) | |
| HOMELAND SECURITY ) | |
| ) | |
| Defendant. ) | |

*DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*
*AND MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT*

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendant, by and through Chuck Rosenberg, United States Attorney for the Southern District of Texas, moves this Honorable Court for summary judgment in favor of Defendant. In support of this motion, the Defendant submits the following Memorandum and attached exhibits.

Introduction

On February 25, 2004, Plaintiff, Carlos Atkinson ("Atkinson"), filed his Original Complaint with this Court. In his Complaint, Atkinson claimed that he was discriminated against on the basis of age when he did not receive a promotion to Supervisory Customs Inspector (GS-1890-13) for the United States Customs Service[2] at the Port of Brownsville,

---

[1] Thomas J. Ridge is no longer the Secretary of the United States Department of Homeland Security. The Secretary is now Michael Chertoff.

[2] The United States Customs Service was under the United States Department of Treasury at the time the promotion at issue took place. The functions of the United States Customs Service at issue were transferred to the United States Department of Homeland Security in March 2003. A Customs and Border Protection Officer (CBPO) position, GS-1895, was established through OPM in July 2004 which merged the expanded border and inspection functions formerly performed within three separate agencies: The former Immigration and Naturalization Serivce of the Department of Justice, the former United States Customs Service of the Department of the Treasury, and the Animal and Plant Health Inspection Service of the Department of Agriculture. Customs Inspectors and Supervisory

Texas, on December 4, 2001.

1.  Statement of the Issue

Did the Defendant discriminate against Carlos Atkinson on the basis of age when it did not select him for a promotion announced under Vacancy Announcement Number BLTN-/01-014JJF in December 2001?

2.  Background

On July 18, 2001, Vacancy Announcement Number BLTN-/01-014JJF for a Supervisory Customs Inspector, GS-1890-13 ("GS-13 position") was issued for three duty stations across the country, one of which was for the Port of Brownsville, Texas. See Defendant's Ex. 1. The duties for the GS-13 position were summarized in the Vacancy Announcement as including "the management of all passengers, cargo, and carrier processing and for the implementation and coordination of national, regional, and port programs in the Branch...." *Id.* See also, Defendant's Ex. 2 (Job Description for the GS-13 position at issue). The Vacancy Announcement indicated that candidates for the position needed to have one year of specialized experience equivalent to the GS-12 level. *Id.* The announcement also indicated that the primary criteria under which candidates would be evaluated, would be: their ability to analyze, plan and organize, and communicate orally. *Id.*

No less than twelve persons, including Atkinson, applied for the position. See Defendant's Ex. 3 ; see also, Defendant's Ex. 4 (Atkinson's Application[3]).  According to data submitted with the EEO Investigative File on this matter[4], the candidates for this position varied in age, from thirty-eight to sixty-one. See Defendant's Ex. 5 . Atkinson was the oldest candidate. At the time he applied, Atkinson was working in Brownsville as a GS-1890-12

---

Customs Inspectors were mass transferred to positions in the GS-1895 series.

[3]The undersigned is prepared to submit copies of any and all applications submitted with regard to the position at issue should this Court deem it necessary to review same.

[4]This data was apparently created by the EEO Investigator assigned to this case. The information reflected in this form has not been disputed by the Plaintiff and appears to be accurate as compared to agency records.

Supervisory Customs Inspector.[5]

Gurdit Dhillon ("Dhillon"), Director of Field Operations (DFO) at the South Texas Customs Management Center in Laredo, Texas, was responsible for submitting a recommendation to the selecting official, the Assistant Commissioner of Field Operations, Bonnie G. Tischler[6] for the Port of Brownsville position. In the Fall of 2001, Dhillon was provided a "Selection Register" that alphabetically listed all those individuals that were qualified for the position along with copies of candidates' applications for the position. See Defendant's Ex. 3 and Defendant's Ex. 6, pp. 9-11. During the course of this case, this "Selection Register" is sometimes referred to by witnesses as the "Best Qualified List" or "BQL".

Dhillon did not know the ages of any of the individuals when he interviewed them for this position. See Defendant's Ex. 6, at p. 93, lns. 7-24. Several of the applicants, including Atkinson, were from the Port of Brownsville; a couple of the applicants, however, were not from Brownsville. See Defendant's Ex. 7 at p. 36, ln. 6-9. Gilbert Aldaz ("Aldaz"), the applicant that was awarded the position, was a forty-one year old GS-12 Supervisor from the Port of El Paso. See Defendant's Exs. 5 and 8.

In early November 2001, Dhillon personally interviewed the applicants for the GS-13 position. Dhillon, who was sixty years old at the time of the interviews, testified that when he came in to do the interviews he wanted to focus on the "operational need" for "the entire port operation" which included "passenger [] cargo, air, rail and sea." See Defendant's Ex. 6, at p. 23, lns. 5-13.

In terms of the Port of Brownsville, Dhillon explained "specific operational need" was in enforcement. *Id.* at p. 22, lns. 8-11. Dhillon felt that the number of seizures for a port the size of Brownsville was lacking. *Id.;* See also, Defendant's Ex. 7 at p. 23, lns. 12-15 and p. 24

---

[5]As such, Atkinson was not subject to a Collective Bargaining Agreement.

[6]Ms. Tischler is deceased. Prior to her death, Ms. Tischler prepared and signed a statement indicating that she based her selection in this matter solely on Dhillon's written recommendation. See Defendant's Ex. 9. According to this statement, Ms. Tischler had no verbal discussions with Dhillon regarding his recommendation of Gilbert Aldaz for the GS-13 position at issue.

at lns. 7-22 . Dhillon testified that based on data he had reviewed and prior personal visits to the Port of Brownsville, he "saw a total lack of an enforcement posture both in cargo and passenger" areas of the Port. See Defendant's Ex. 6 at p. 24 , lns. 14-19; and p. 29 at lns. 24-25.

Accordingly, Dhillon focused on the applicants' recent enforcement experiences and successes. See Defendant's Ex. 6 at p. 79 , lns. 2-19. As such, even though he posed only two basic questions to the applicants, those questions[7] pertained to the operational needs of the Port of Brownsville. Dhillon, who became the DFO in January of 2001, explained that he was "results driven." *Id*. at Ln. 7 . The Port of Brownsville, in Dhillon's opinion, was lacking in its enforcement posture; when he looked at Atkinson's application package, along with what Atkinson had to say at his interview, Dhillon believed that Atkinson had "contributed to set the tempo" at Brownsville that Dhillon viewed as "lacking". *Id*.

However, when Dhillon interviewed Aldaz and reviewed Aldaz's application package, he found Aldaz's record to be "very impressive" as compared to Atkinson's. *Id*. at lns. 11-14; and pp. 67-68. Dhillon saw "[current] information" showing impressive results during Aldaz's one year of supervisory experience. *Id.* Dhillon testified that, at the interview, Aldaz:

> *...went very, very in-depth and articulated his absolute understanding of traffic management and how traffic management can help facilitate legitimate travelers and, in addition, how you can use traffic management to enhance your enforcement posture, layered enforcement, stop operations and all of that. [Aldaz] was really strong on that issue...*
>
> *...I wanted someone who could come in and contribute...Gilbert Aldaz, with his knowledge, abilities, and skills, with what he had seen as an inspector, senior inspector and supervisor, in my opinion had those skills, knowledge and abilities more–better so than any of the other applicants that put in.*

*Id.*

Therefore, Dhillon recommended to Ms. Tischler that Aldaz be selected for the GS-13

---

[7]Mr. Dhillon recalled one question that pertained to how an applicant would handle traffic management. Atkinson testified that the questions posed were: "...what would I do if I were Chief Inspector" and " how I would handle traffic management." Defendant's Ex. 13 at p. 2 .

position.  Based on Dhillon's written recommendation, Ms. Tischler selected Aldaz to fill the GS-13 position.  See Defendant's Ex. 9 .

Plaintiff filed a formal complaint alleging age discrimination on April 16, 2002.  See Defendant's Ex. 10 .   On June 27, 2003, the agency issued a Final Agency Decision (FAD) denying Atkinson's claim of age discrimination.  See Defendant's Ex. 11 .  On July 22, 2003, Atkinson appealed the FAD to the EEOC.  The EEOC affirmed the FAD on December 2, 2003.  See Defendant's Ex. 12 .

Accordingly, this Court has jurisdiction over Atkinson's age discrimination claim over his non-selection for the GS-13 position at issue pursuant to 29 C.F.R 1614.407(c) (lawsuit filed within 90 days of receipt of EEOC's final decision).

3.    Summary of Argument

The Defendant did not discriminate against Atkinson on the basis of age when it selected Aldaz for the GS-13 position at the Brownsville Port.  Although Atkinson can establish a *prima facie* case of discrimination, the Defendant has successfully rebutted the inference of discrimination.  Dhillon testified that Aldaz did a better job at his interview and his overall application package showing current information was very impressive.

Atkinson can present no evidence that a pretext of discrimination on the basis of age was the real reason for him not being selected for the position.  Atkinson's speculative theories ranging from Atkinson's perception of Dhillon's dislike of the Brownsville Port, Atkinson's children or his alleged favoritism toward Aldaz, are not evidence of a pretext of age discrimination.

Therefore, judgment should be rendered for the Defendant.

4.    Argument

    A.    Summary Judgment

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to a judgment as a matter of law.  *Baker v. American Airlines,* —F.3d—, 2005 WL 3005487 (5th Cir. [Tex])(Nov. 9, 2005)(citing *Machinchick v. P.B. Power, Inc.*, 398 F.

3d 345, 350 [5th Cir. 2005] and *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 [5th Cir. 2004]). "When a court considers a motion for summary judgment, it views 'the evidence and all factual inferences from that evidence in the light most favorable to the party opposing the motion and all reasonable doubts about the facts are resolved in favor of the nonmoving litigant.'" *Id.* (quoting *Bryan*, 375 F.3d at 360). *Id.*, (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 [1986]).

  B. <u>The Age Discrimination in Employment Act (ADEA)</u>

  The ADEA was amended in 1974 to extend to federal employees the Act's protection of older workers (defined as employees or applicants for employment who are at least 40 years of age, 29 U.S.C. 633a,) against discrimination in the workplace based on age.

  Section 15c of the Act, 29 U.S.C. 633a(c), provides that any aggrieved federal employee "may bring a civil action in any federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes" of the Act. It is considered a "self-contained" provision, meaning other parts of the ADEA are not incorporated and do not apply to federal employees.

  Nor do the provisions of the 1991 Civil Rights Act Amendments, 42 U.S.C. 1981a, granting jury trials and compensatory damages in Title VII and Rehabilitation Act cases against the federal government, apply to the ADEA. The ADEA was not one of the statutes amended in 42 U.S.C. 1981a. Therefore, there are no jury trials and no compensatory damages under the ADEA against the federal government. *Lehman v. Nakshian* 453 U.S. 156, 160 -165, 101 S. Ct. 1698, 2701-1704 (1981); *See also, Tomasello v. Rubin*, 167 F.3d 612 (D. C. Cir. 1999); *Guillory-Wuerz v. Brady*, 785 F. Supp. 889 (D. Colo. 1992); *Haimovitz v. U.S.DOJ*, 720 F. Supp. 516, 524 n.1 (W.D. Pa. 1989)' <u>aff'd without op.,</u> 902 F. 2d 1560 (3d Cir. 1990); *Arnett v. Aspin,* 846 F. Supp. 1234, 124 (E.D. Pa. 1994) (also addresses cases holding that plaintiff in an ADEA action is not entitled to compensatory damages).

  C. <u>Analysis For Disparate Treatment in Age Discrimination Complaints</u>

  Three United States Supreme Court cases set forth the general analysis used in disparate

treatment discrimination cases. They are: *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981); and *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). The analysis framework as described in these cases has also been applied to claims alleging age discrimination under the ADEA. See, *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142 (2000).

These cases describe a three step analysis. First, the Complainant, in this case, Atkinson, must establish a "prima facie" case of age discrimination. Atkinson must produce evidence that would give rise to an inference of discrimination. *Burdine*, 450 U.S. at 254 (1981).

Second, should the Complainant establish a "prima facie" case of discrimination, management, in this case, the Defendant government agency, must articulate a legitimate non-discriminatory reason for its action to rebut the inference of discrimination. *McDonnell Douglas*, 411 U.S. at 802 (1973).

Third, if both parties meet their initial burden of production, the trier of fact must determine the ultimate issue of whether the Complainant has proven that the reason for the employment action (i.e. the non-selection for the GS-13 position) was age discrimination. *Hicks*, 509 U.S. at 508 (1993).

Although the intermediate evidentiary burdens shift back and forth under this three step analysis, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253 (1981).

    D.    <u>Applying the Three Step Analysis to the Case at Bar</u>

    (1)    <u>Atkinson's *Prima Facie* Case</u>

To establish a *prima facie* case of age discrimination, a complainant must show: (1) he belonged to a protected group; (2) he applied for a position for which he was qualified; (3) he was not selected for the position; and, (4) that someone younger was selected. See, *Lindsey v. Prive Corporation*, 987 F. 2d 324, 326-27 (5th Cir. 1993). See also, *McDonnell Douglas*, 411 U.S. at 802 (1973); *O'Connor v. Consolidate Coin Caterers Corp.*, 517 U.S. 308, 309 (1996);

*McClaren v. Morrison*, 420 F.3d 457, 462 (5th Cir. 2005); and, *Blow v. City of San Antonio*, 236 F. 3d 293, 296 (5th Cir. 2001).

In this case, Atkinson has clearly satisfied the first three prongs of his prima facie case. Atkinson has also satisfied the fourth prong of his *prima facie* case. Although Aldaz was also a member of the protected group (over the age of forty), the Supreme Court has found that "[t]he fact that one person in the protected class has lost out to another person in the protected class is [] irrelevant, so long as he has lost out because of his age." *O'Connor*, 517 U.S. at 312 (1996). Thus, Atkinson has satisfied the fourth requirement for a *prima facie* case.

(2) <u>The Defendant Articulated a Legitimate Non-Discriminatory Reason for Selecting Aldaz for the GS-13 Position Over Atkinson</u>.

Next, the Defendant must rebut Atkinson's inference of discrimination by articulating a legitimate non-discriminatory reason for its action. *McDonnell Douglas*, 411 U.S. at 802 (1973). To do this, the Defendant must produce evidence that would support a finding that unlawful discrimination was not the cause of the employment action. There is no requirement that such evidence be ultimately persuasive. As the Supreme Court stated, "[t]he determination that a defendant has met its burden of production (and has thus rebutted any legal presumption of intentional discrimination) can involve no credibility assessment." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993).

In the case at bar, the selecting official indicated that she relied upon the written recommendation of Dhillon when she selected Aldaz for the position. Defendant's Ex. _9_. At his deposition, Dhillon confirmed what he stated to the EEO Investigator regarding how he reached his decision to recommend Aldaz for the job:

> ...I looked at the entire application packages of all candidates to determine which candidate possessed the best KAS[8] for the job. The results of the interview were taken into consideration. Mr. Aldaz did better with his written package in addressing the required criteria. He also did better than [Atkinson] in the

---

[8] Knowledge, Ability, Skills (KAS).

interview.

See, Defendant's Ex. 6 at p. 56, lns. 13-21.

Dhillon testified that he was concerned about the enforcement posture at the Brownsville Port. Atkinson confirms that the Port of Brownsville's "low seizure history" was a subject of concern raised by Dhillon at Atkinson's interview and during "board director meetings." See Defendant's Ex. 10, p. 8 and Defendant's Ex. 7, pp. 23-24.

The Defendant has successfully articulated a legitimate non-discriminatory reason for selecting Aldaz for the GS-13 position over Atkinson. Therefore, Atkinson must produce evidence that discrimination on the basis of age was the real reason for the employer's decision. *Baker v. American Airlines*, —F.3d—, 2005 WL 3005487 (5th Cir. [Tex])(Nov. 9, 2005)(citing *Machinchick v. P.B. Power, Inc.*, 398 F. 3d 345, 350 [5th Cir. 2005]).

(3)     <u>Atkinson Has No Evidence Showing a Pretext of Discrimination Was the Real Reason for Not Being Selected For the GS-13 Position</u>.

Atkinson must substantiate a pretext of discrimination by producing evidence that demonstrates that discrimination was the real basis for the employer's decision. *Rubenstein v. Adm'rs. of the Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001). It is not sufficient to meet the burden of persuasion by proving that the Defendant's reason is false; "he must actually prove that his age was a 'determinative influence'" on the decision not to give him the promotion. *Hazen Paper v. Biggins*, 507 U.S. 604, 610 (1993). Thus, when Atkinson alleges disparate treatment due to age discrimination, "liability depends on whether the protected trait actually motivated the employer's decision." *Id.* Atkinson's subjective belief that he was discriminated against on the basis of age, standing alone, is not sufficient to overcome a summary judgment motion. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000).

In the case at bar, Atkinson has no such evidence. Since the outset of this age discrimination complaint, Atkinson has espoused several theories –none of which support a

pretext of age discrimination--as to why he was not selected for the GS-13 position. For example, Atkinson says that he was not selected, because he thinks two of Atkinson's children (also agency employees) are viewed as trouble-makers to management. See Defendant's Ex. 7 at pp. 20-22.

Another of Atkinson's theories is that the Brownsville job candidates did not receive fair consideration. Atkinson stated at page 2 of his unsworn declaration that "his [Dhillon] mind was already made up that the position would not be offered to any Brownsville supervisor." See Defendant's Ex. 13.

Atkinson also theorizes that the reason Aldaz got the promotion over him was due to favoritism. Atkinson assumes that Aldaz and Dhillon knew each other because they both worked at the El Paso port at one time. Defendant's Ex. 7 at pp. 46-47. Again, even if this allegation of favoritism were true, it is not evidence of age discrimination. See *Odom v. Frank*, 3 F.3d 839 849-850 (5th Cir. 1993)(holding that evidence of a "good old boy" network does not constitute evidence of employment discrimination).

None of Atkinson's theories, even if proven true, evidence a pretext to discriminate against Atkinson on the basis of age.

Atkinson also argues that the agency discriminated against him because he had more supervisory experience than Aldaz. Although the Fifth Circuit has held that showing that the unsuccessful employee was clearly better qualified is enough to prove the employer's proffered reasons are pretextual, longer tenure and more varied experience does not make a losing applicant "clearly better qualified." *Price v. Federal Express Corp.*, 283 F. 3d , 715, 723 (5th Cir. 2002); and, *quoting*, *Nichols v. Lewis Grocer*, 138 F. 3d 563, 568-69 (5th Cir. 1998).

In the case at bar, Atkinson testified that - with the exception of Brownsville applicant Elia Ochoa[9] - he would not have filed this age discrimination suit if *any* of the Brownsville applicants had been selected. (emphasis added) Defendant's Ex. 7, p. 36.

---

[9] Ms. Ochoa withdrew her application for this position. Consequently, she was never interviewed for the position.

In fact, Atkinson specifically testified that he would not have filed an age discrimination suit if Brownsville applicant, Noe Alcala -- who was just one month older than Aldaz and had only two years of Grade-12 supervisory experience -- had been selected for the GS-13 position. See Defendant's Ex. 7 at pp. 43-44; see also, Defendant's Exs. 5 and 14. In so doing, Atkinson has admitted that his objection to Aldaz being selected for the GS-13 position was not based on age or number of years of supervisory experience. Rather, Atkinson's objection to Aldaz being selected for the GS-13 position was because Aldaz was not from Brownsville. Thus, Atkinson is foreclosed from arguing that Aldaz was not qualified for the position.

Therefore, judgment should be rendered in favor of the Defendant and against the Plaintiff, Carlos Atkinson.

5. Conclusion

There is no evidence of pretext to support Atkinson's claim of age discrimination. Therefore, judgment should be rendered in favor of the Defendant, as a matter of law.

\

\

\

\

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court grant this motion for judgment and assess all costs incurred against the Plaintiff, Carlos Atkinson.

Respectfully submitted,

CHUCK ROSENBERG
UNITED STATES ATTORNEY

 /s/ **Nancy L. Masso**
NANCY L. MASSO
Assistant United States Attorney
600 East Harrison St., No. 201
Brownsville, TX 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## Defendant's Exhibit Summary

1. Vacancy Announcement Number BLTN-/01-014JJF
2. GS-1890-13 Job Description
3. Selection Register
4. Atkinson's Application for GS-13 Position
5. EEO Investigative File "Comparative Data" form
6. Dhillon Deposition Excerpts
7. Atkinson's Deposition Excerpts
8. Aldaz's Application
9. Tischler's Statement to EEO
10. Atkinson's Formal Complaint of Discrimination & attachments as found at Tab 1 of EEO Investigative File
11. Final Agency Decision (FAD)
12. EEO Decision Affirming FAD
13. Atkinson Statement to EEO

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing, including attached exhibits:

***DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT***

were served upon Plaintiff's Attorney of Record via certified mail, return receipt requested (and ECF) at :

Denis A. Downey
Attorney at Law
1185 FM 802, Suite 3
Brownsville, Texas 78521

December 1 , 2005                               /s/ **Nancy L. Masso**
Date                                            NANCY L. MASSO
                                                Assistant United States Attorney