**DEFENDANT'S EXHIBIT 10**

C.A. B-04-039

Form No. TDF 62-03.5a
(07/97 Edition)

RECEIVED APR 18 2002
TREASURY COMPLAINT CENTER
DALLAS, TEXAS

# INDIVIDUAL COMPLAINT OF DISCRIMINATION BASED ON SEXUAL ORIENTATION WITH THE DEPARTMENT OF THE TREASURY

FOR OFFICE
DEPARTMENT CASE NUMBER: 02-2207
FILING DATE: 4/16/02

## Part I Complainant Identification

**1. Name (Last, First, Middle Initial)**
ATKINSON, CARLOS

**2. Telephone/Fax (Include Area Code)**
Home: [redacted]   Fax:
Work: 956 5424232   Fax: 956 5747401

**3. Present Home Address**
Street Address: [redacted]
City: BROWNSVILLE   State: TEXAS   Zip Code: 78521

**4. If you are a current or former employee of the Federal government, list your most recent title, series, and grade.**
Title: CUSTOMS SUPERVISORY INSP   Series: GS 1890   Grade: 12

**5. Name and Address of Organization Where You Work (If a Treasury Employee)**
Bureau: U.S. TREASURY DEPARTMENT
Office and Organizational Component: U.S. CUSTOMS
Street Address: 1500 E. ELIZABETH ST.
City: BROWNSVILLE   State: TEXAS   Zip Code: 78521

**6. Employment Status in Relation to this Complaint:**
☐ Applicant   ☐ Probationary   ☒ Career/Career Conditional
☐ Former Employee   Date Left Treasury Employment:
☐ Retired   Date of Retirement:
☐ Other   Specify:

**7. I certify that all of the statements made in this complaint are true, complete, and correct to the best of my knowledge and belief.**

Signature of Complainant or Attorney Representative: [signed] Carlos Atkinson   Date: 4/9/02

## Part II Designation of Representative

**8.** You may represent yourself in this complaint or you may choose someone to represent you. Your representative does not have to be an attorney. You may change your designation of a representative at a later date, but you must notify the Department immediately in writing of any change, and you must include the same information requested in this Part.

"I hereby designate MR. FRANCISCO RIVERA (Please Print Name) to serve as my representative during the course of this complaint. I understand that my representative is authorized to act on my behalf."

**9. Representative's Mailing Address**
MR. FRANCISCO RIVERA
Firm/Organization:
Street Address: 4 CIENFUEGOS
City: BROWNSVILLE   State: TEXAS   Zip Code: 78521

**10. Representative's Employer (If Federal Agency)**
USCS INSPECTOR, RETIRED

**11. Representative's Telephone/Fax (Include Area Code)**
Telephone: [redacted]   Fax:

**12. Complainant's Signature:** [signed] Carlos Atkinson   Date: 4/9/02

## Part III Alleged Discriminatory Actions

**13. Name and Address of Treasury Bureau that took the action at issue (if different than item 5.)**

Bureau: NA

Office and Organizational Component:

Street Address:

City:   State:   Zip Code:

**14. If your complaint involves nonselection for a position, please complete the following:**

Position Title: Customs Supervisory Inspector   Series: GS-1890   Grade: 13

Vacancy Announcement Number: BLTN-/01-014JJF   Date Learned of Nonselection: Jan 28, 2002

**15.** (A) Describe the action taken against you that you believe was discriminatory; (B) Give the date when the action occurred, and the name of each person responsible for the action; (C) Describe how you were treated differently than other employees or applicants because of your sexual orientation; (D) Indicate what harm, if any, came to you in your work situation as a result of this action. (You may but are not required to attach extra sheets.)

(A) I received improper consideration for promotion to Customs Supervisory Inspector, GS 1890-13. (B) The action occurred on 1/22/02, letter from Mrs Frierson, Assistant Commissioner OFO, Bonnie Tishler, CMC Director OFO, Gurdit Dhillon. (C) Selected person was substantially younger than I. (D) The harm done of physical, mental anguish + stress has greatly effected my work.

**16. What remedial or corrective action are you seeking to resolve this matter?**

A. Retroactive Promotion to Chief GS 1890-13.
B. Monetary compensation for mental anguish, stress and physical harm done; allowable by law.

## Part IV Counselor Contact

**17. When did the most recent discriminatory event occur?** Jan 28th 2002

**18. When did you first become aware of the alleged discrimination?** Jan 28th 2002

**19. When did you contact an EEO counselor?** March 6th 2002

**20. Did you discuss all actions raised in item 15 with an EEO counselor?** ☑ YES ☐ NO

**21. Name and telephone number of EEO counselor:** Christine Aceas   202 9270474

**22. When did you receive your "Notice of Right to File"?** April 02 2002

**23. On this same matter, have you filed a grievance or appeal under:**
- Negotiated grievance procedure ☐ YES ☑ NO
- Agency grievance procedure ☐ YES ☑ NO
- MSPB appeal procedure ☐ YES ☑ NO
- OSC Appeal procedure ☐ YES ☑ NO

If you filed a grievance or appeal, provide date filed, case number, and present status.

| | |
|---|---|
| CARLOS ATKINSON | SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, BLTN-/ 01-014JJF |
| ALLEGATIONS OF DISCRIMINATION | AGE DISCRIMINATION IN EMPLOYMENT ACT |
| AGE OF CARLOS ATKINSON | SIXTY-ONE YEARS OF AGE, **DOB** ▓▓▓▓▓▓ HE IS A MEMBER OF A PROTECTED CLASS UNDER THE ADEA. SS# ▓▓▓▓ 7126 |
| APPLIED FOR PROMOTION | CARLOS ATKINSON APPLIED FOR THE POSITION OF SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, UNDER BULLETIN BLTN-/01-014JJF FOR BROWNSVILLE TEXAS. |
| | CARLOS ATKINSON WAS AMONG THE BEST QUALIFIED, AND WAS REFERRED FOR CONSIDERATION FOR PROMOTION. |
| | CARLOS ATKINSON WAS NOT SELECTED FOR PROMOTION. |
| | SELECTED PERSON IS SUBSTANTIALLY YOUNGER THAN COMPLAINANT. |
| RELIEF SOUGHT | 1. RETROACTIVE PROMOTION TO SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, EFFECTIVE THE DATE MR. G. ALDAZ WAS PROMOTED. |
| | 2. ALL COMPENSATION ALLOWED UNDER LAW FOR MENTAL ANGUISH, STRESS AND OTHER COVERED DAMAGES. |
| ALLEGED DISCRIMINATING OFFICIALS | GURDIT DHILLON, LAREDO CMC FIELD OF OPERATIONS DIRECTOR MADE RECOMMENDATION FOR SELECTED PERSON. |
| | BONNIE TISHLER U.S. CUSTOMS ASSISTANT COMMISSIONER SELECTING OFFICIAL BASED ON RECOMMENDATION MADE BY G. DHILLON. |

## QUESTIONS ASKED BY MR. GURDIT DHILLON NATURE OF INTERVIEW OF CARLOS ATKINSON.

QUESTION NUMBER ONE WAS, "HOW WOULD YOU HANDLE TRAFFIC MANAGEMENT"?

QUESTION NUMBER TWO WAS, "WHAT WOULD YOU DO IF YOU WOULD BECOME A CHIEF INSPECTOR"?

DURING THE PROCESS INTERVIEW, MR. G. DHILLON ASKED QUESTIONS RELATED TO AN INCIDENT IN BROWNSVILLE, TEXAS, INVOLVING A QUESTIONABLE ACTION COMMITTED BY USCS INSPECTOR CHARLES ATKINSON WHO IS THE SON OF CARLOS ATKINSON.

MR. G. DHILLON ALSO ASKED CARLOS ATKINSON ABOUT DAVID ATKINSON, NTEU UNION PRESIDENT FROM HIDALGO, TEXAS, WHO HAPPENS TO BE MR. CARLOS ATKINSON'S SON. IT IS A KNOWN FACT THAT DAVID ATKINSON IS AN AGGRESSIVE UNION REPRESENTATIVE WHO MR. G. DHILLON AND OTHER MANAGEMENT OFFICIALS CONSIDER DIFFICULT TO DEAL WITH. ANOTHER MATTER BROUGHT TO LIGHT WAS THE BROWNSVILLE, TEXAS SEIZURE HISTORY AS BEING LOW.

CARLOS ATKINSON          SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, BLTN-/ 01-014JJF

**CARLOS ATKINSON'S EXPERIENCE AND QUALIFICATIONS WERE OVERLOOKED,** THE REASON FOR NOT PROMOTING CARLOS ATKINSON IS PRETEXTUAL IN NATURE, THEREFORE PROMOTING A YOUNGER, IN-EXPERIENCED PERSON NOT FROM BROWNSVILLE, TEXAS.

IT WAS IMPROPER AND INAPPROPRIATE TO MENTION AND/OR DISCUSS DISCIPLINARY ACTIONS OF AND ABOUT CHARLES ATKINSON. MR. G. DHILLON COMMITTED AN UNFAIR LABOR PRACTICE BY DISCUSSING AND/OR MENTIONING DAVID ATKINSON'S NAME, HIDALGO, TEXAS, NTEU UNION PRESIDENT, DURING THE INTERVIEW OF CARLOS ATKINSON. **THE INFERENCE OF CONSIDERATION OF NON-RELATED FACTORS** IS GREATLY ENHANCED BECAUSE SUCH ACTIONS HAVE ABSOLUTELY NO BEARING ON THE EXPERIENCE, QUALIFICATIONS, KNOWLEDGE, SKILLS AND ABILITIES OF CARLOS ATKINSON FOR THE POSITION OF SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13.

THE RECOMMENDING OFFICIAL NOR THE SELECTING OFFICIAL GAVE PROPER CONSIDERATION FOR PROMOTION TO CARLOS ATKINSON BECAUSE OF HIS AGE. . IT IS EVIDENT THAT **PROHIBITED REASONS,** (CHARLES DISCIPLINARY PROPOSALS, DAVID'S UNION ACTIVITIES, BROWNSVILLE POE SEIZURE HISTORY), WERE FACTORS USED IN THE IMPROPER CONSIDERATION FOR PROMOTION OF CARLOS ATKINSON TO SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13.
THE **AGENCY'S ARTICULATED REASONS** FOR RECOMMENDING MR. G. ALDAZ **ARE A PRETEXT TO MASK UNLAWFUL ADEA DISCRIMINATION.**

**SUMMARY:**

**CARLOS ATKINSON RECEIVED IMPROPER CONSIDERATION FOR PROMOTION TO THE POSITION OF SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, BECAUSE OF HIS AGE.** THE AGENCY'S REASON FOR NOT PROMOTING CARLOS ATKINSON IS PRETEXTUAL IN NATURE. MR. DHILLON STATED THAT CARLOS ATKINSON HAD GIVEN A GOOD RESPONSE TO QUESTION NUMBER ONE AND AN EXCELLENT RESPONSE TO QUESTION NUMBER TWO DURING A PERSONAL INTERVIEW. THE SELECTED PERSON HAD GIVEN EXCELLENT AND ARTICULATED RESPONSES TO QUESTIONS NUMBER ONE AND NUMBER TWO. <u>ACCORDING TO MR. DHILLON, BECAUSE OF THE RESPONSES, MR. GILBERT ALDAZ WAS RECOMMENDED FOR PROMOTION SINCE HE WAS AMONG THE BEST QUALIFIED.</u> CARLOS ATKINSON'S EXPERIENCE AND QUALIFICATIONS WERE OVERLOOKED BECAUSE OF HIS AGE AND **MR. G. DHILLON'S, THE RECOMMENDING OFFICIAL, INTENT WAS TO PROMOTE A YOUNGER PERSON REGARDLESS OF THE QUALIFICATIONS AND EXPERIENCE.** A QUESTION IS ALSO RAISED AS TO THE NEED TO REQUEST TWELVE BEST QUALIFIED APPLICANTS FOR ONE VACANCY FOR THE POSITION OF SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13 IN BROWNSVILLE TEXAS.

## SUMMARY OF DUTIES

WHEN THE SELECTEE ARRIVED FOR DUTY IN BROWNSVILLE TEXAS, IT WAS DISCOVERED THAT SAID PERSON COULD NOT FUNCTION IN THE IMPORT LOT BECAUSE HE DID NOT HAVE ANY SUPERVISORY EXPERIENCE RELATED TO CARGO IMPORT LOT OPERATIONS. UNDER THE SUMMARY OF DUTIES REQUIREMENT OF PROMOTIONAL BULLETIN # BLTN/-01-014JJF, IT STATES VERY CLEARLY THAT <u>"S/HE IS RESPONSIBLE FOR THE MANAGEMENT OF ALL PASSENGERS, CARGO, AND CARRIER PROCESSING AND FOR THE IMPLEMENTATION AND COORDINATION OF NATIONAL, REGIONAL, AND PORT PROGRAMS IN THE BRANCH"</u>.

THE IMPORT LOTS IN BROWNSVILLE TEXAS ARE UNIQUE. THE IMPORT LOT CHIEF IS IN CHARGE OF THREE LAND-BORDER IMPORT LOTS, THE SEAPORT, THE AIRPORT, THE RAILROAD, THE SHRIMP BASIN, THE PERSONAL PROPERTY SHIPPING VESSELS AT THE PORT ISABEL BANANA BOAT DOCK, AND ASSISTS THE UNITED STATES COAST GUARD. THE CARGO CHIEF IS ALSO RESPONSIBLE FOR THE CET, (CARGO ENFORCEMENT TEAM), AND THE MOBIL AND FIXED X-RAY SITES AS WELL AS THE THREE VACIS SITES. THE CARGO CHIEF IS ALSO RESPONSIBLE FOR BONDED WAREHOUSES, THE FOREIGN TRADE ZONE, AND COMMERCIAL AIRCRAFT AIRPORT SITES.

9

CARLOS ATKINSON        SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, BLTN-/ 01-014JJF

MR. CARLOS ATKINSON STATED IN HIS APPLICATION FOR PROMOTION HIS QUALIFICATIONS RELATED TO CARGO IMPORT LOT ENFORCEMENT ACTIONS, SEIZURES, SURVEILLANCE, NON-INTRUSIVE INSPECTION METHODS, SEAPORT, AIRPORT, RAILROAD, BONDED WAREHOUSES, FOREIGN TRADE ZONES, AND AIRCRAFT SITES. CARLOS ATKINSON HAS ALSO BEEN TRAINED AND CERTIFIED TO OPERATE AND MANAGE THE FIXED TRUCK AND MOBILE UNITS AS WELL AS THE VACIS NII SYSTEMS. MR. CARLOS ATKINSON NOT ONLY HAS DEMONSTRATED POTENTIAL ABILITIES, HE HAS ACTUAL DEMONSTRATED PERFORMANCE OF SAID DUTIES. CARLOS ATKINSON HAS RECEIVED SEVERAL AWARDS FOR HIS PERFORMANCE IN THE RESPECTIVE AREAS MENTIONED ABOVE.

## SPECIALIZED EXPERIENCE

IT APPEARS THAT THE MR. G. ALDAZ WAS GIVEN PREFERENTIAL TREATMENT BECAUSE, SUPPOSEDLY, HE HAD PREVIOUSLY BEEN A SUPERVISOR FOR ONE YEAR ONLY. A QUESTION IS HEREBY RAISED AS TO HOW A PERSON CAN GAIN GENERAL EXPERIENCE AS WELL AS SPECIALIZED EXPERIENCE IN THE SAME YEAR. ACCORDING TO OFFICE OF PERSONNEL MANAGEMENT RULES AND REGULATIONS, GENERAL AND SPECIALIZED EXPERIENCE MAY NOT BE GAINED IN THE SAME TIME FRAME. IF SUCH IS THE CASE, THE RATING AND RANKING PANEL OR PERSON WHO DETERMINED THE QUALIFIED APPLICANTS, HAS COMMITTED AN ERROR IF G. ALDAZ HAS ONLY 12 MONTHS OF SUPERVISORY EXPERIENCE.

A QUESTION IS RAISED AS TO WHETHER THE STAFFING SPECIALIST USED THE RATING AND SELECTION PROCEDURES IN COMPLIANCE WITH ALL AGENCY GUIDELINES. MR. G. ALDAZ APPEARS TO LACK CARGO IMPORT LOT SUPERVISORY AND MANAGEMENT EXPERIENCE. HOW COULD MR. G. ALDAZ HAVE RECEIVED CREDIT FOR CARGO IMPORT LOT REQUIREMENTS FOR PROMOTION IF HE DID NOT HAVE THE SUPERVISORY AND MANAGERIAL EXPERIENCE?

CARLOS ATKINSON HEREBY REQUESTS THAT THE SUPERVISORY AND MANAGERIAL CAPABILITIES OF MR. G. ALDAZ BE RE-EVALUATED AS HE MAY HAVE RECEIVED CREDIT FOR QUALIFICATIONS THAT HAVE NOT BEEN MET AS REQUIRED BY THE PROMOTION BULLETIN FOR **SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13.**

SPECIALIZED EXPERIENCE INVOLVES "....DEMONSTRATING THE ABILITY TO MAKE RAPID, ACCURATE JUDGMENTS (sic) AND DECISIONS WITH RESPECT TO THE APPLICATION OF REGULATIONS, INSTRUCTIONS, AND PROCEDURES FOR EXAMINING AND INSPECTING IMPORTS FOR ADMISSION TO THE UNITED STATES OR INSPECTIONAL WORK CONCERNING INVESTIGATIONS AND LAW ENFORCEMENT".

IN THE U.S. CUSTOMS SERVICE, INVESTIGATIONS AND LAW ENFORCEMENT EXPERIENCE IS GAINED AS AN AGENT OF THE OFFICE OF INVESTIGATIONS AND/OR THE OFFICE OF INTERNAL AFFAIRS. THEREFORE, THE SPECIALIZED EXPERIENCE HAS TO BE IN THE CARGO IMPORT LOT OR AS A LAW ENFORCEMENT OFFICER. ACCORDING TO ACTING CHIEF NOE ALCALA, IT WAS MENTIONED IN A CHIEFS MEETING IN BROWNSVILLE, TEXAS, THAT *"THE MR. G. ALDAZ DOES NOT HAVE SUPERVISORY CARGO IMPORT LOT EXPERIENCE".*

MR. CARLOS ATKINSON NOT ONLY HAS DEMONSTRATED POTENTIAL, HE HAS ACTUALLY SERVED AS CHIEF OF THE CARGO IMPORT LOT AS WELL AS THE PASSENGER PROCESSING SECTIONS IN THE ABSENCE OF THE CHIEFS WHEN ASSIGNED, RESPECTIVELY, IN THE BROWNSVILLE PORT OF ENTRY. THE SPECIALIZED EXPERIENCE IS ENHANCED BY THE MANAGEMENT AND OPERATIONS OF THE FIXED AND MOBIL X-RAY AND VACIS NII SYSTEMS UNDER THE DIRECT SUPERVISION OF CARLOS ATKINSON. CARLOS ATKINSON HAS ALSO FORMULATED INBOUND AND OUTBOUND INSPECTION OPERATIONS IN CONJUNCTION WITH AND COOPERATION OF SEVERAL FEDERAL AGENCIES, STATE, COUNTY AND CITY LAW ENFORCEMENT AUTHORITIES.

10

CARLOS ATKINSON             SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, BLTN-/ 01-014JJF

SOME OF THE FEDERAL AGENCIES INCLUDE THE U.S. COAST GUARD, FBI, U.S. MARSHALL, DEA, RAC/OI, BORDER PATROL, USDA, FDA, AND FISH AND WILDLIFE. SPECIAL OPERATIONS AT THE SEAPORT INCLUDE VESSEL COMPLIANCE BOARDING INSPECTIONS WITH TEAMS OF UP TO TEN PEOPLE WHICH INCLUDE USCS INSPECTORS, USCS CEO'S, USDA AND IMMIGRATION INSPECTORS. CARLOS ATKINSON HAS ALSO COORDINATED INSPECTIONS WITH THE LAREDO CMC STRIKE TEAMS. THROUGHOUT HIS CAREER CARLOS ATKINSON HAS GONE TO OTHER PORTS OF ENTRY TO ASSIST IN INSPECTION OPERATIONS.

## SUPERVISORY EXPERIENCE

"APPLICANT MUST HAVE ADMINISTRATIVE, STAFF MANAGERIAL, OR SUPERVISORY EXPERIENCE OR MUST HAVE DEMONSTRATED POTENTIAL TO PERFORM ADMINISTRATIVE, STAFF MANAGERIAL, OR SUPERVISORY DUTIES, ........"

SOMETHING IS SERIOUSLY WRONG, BECAUSE IT IS EVIDENT THAT THE SELECTEE DOES NOT HAVE THE EXPERIENCE, NOR THE DEMONSTRATED POTENTIAL, RELATED TO CARGO IMPORT LOT OPERATIONS. THEREFORE, A QUESTION IS RAISED AS TO THE REASONING USED BY THE RATING AND RANKING PERSON OR PANEL TO DETERMINE THE MINIMUM QUALIFICATIONS OF ANY APPLICANT WHEN ONE OF THE MAJOR REQUIREMENTS IS CARGO IMPORT LOT REQUIREMENTS.

**MR. CARLOS ATKINSON** HAS DEMONSTRATED EXPERIENCE WHICH SHOULD HAVE RECEIVED MORE CREDIT THAN DEMONSTRATED POTENTIAL.

## ALLEGATIONS AGAINST USCS NATIONAL HEADQUARTERS

MR. CARLOS ATKINSON CONTENTION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT IS CLAIMED BECAUSE **NEITHER THE RECOMMENDING OFFICIAL NOR THE SELECTING OFFICIAL GAVE PROPER CONSIDERATION FOR PROMOTION TO CARLOS ATKINSON** BASED ON EXPERIENCE AND QUALIFICATIONS, ACCOMPLISHMENTS AND AWARDS, KNOWLEDGE, SKILLS, AND ABILITIES, DEMONSTRATED PERFORMANCE AND THE DEMONSTRATED POTENTIAL AT THE PROMOTION LEVEL, BECAUSE OF CARLOS ATKINSON'S AGE. MR. G. DHILLON, THE RECOMMENDING OFFICIAL TOLD THE EEO COUNSELOR THAT THE MR. G. ALDAZ GAVE BETTER AND ARTICULATED RESPONSES TO TWO QUESTIONS DURING THE INTERVIEW. **THE AGENCY'S ARTICULATED REASONS FOR RECOMMENDING MR. G. ALDAZ ARE A PRETEXT TO MASK UNLAWFUL DISCRIMINATION.**

BONNIE TISHLER, THE SELECTING OFFICIAL AT THE NATIONAL HEADQUARTERS OFFICE, CLAIMED TO HAVE MADE THE SELECTION BASED ON THE RECOMMENDATION OF THE LAREDO CMC OFO. WERE COPIES OF CF 612'S AND CRITERIA'S EVALUATED BY BONNIE TISHLER?

MS. BONNIE TISHLER SHOULD HAVE VERIFIED AND REVIEWED THE SUPERVISORY AND MANAGERIAL CAPABILITIES, EXPERIENCE, CURRENT POSITION LENGTH OF SERVICE, TIME-IN-GRADE, ACCOMPLISHMENTS, AWARDS, AND THEN SELECTED THE MORE QUALIFIED APPLICANT. **IT IS EVIDENT THAT A PROHIBITED REASON WAS A FACTOR IN THE IMPROPER CONSIDERATION FOR PROMOTION OF CARLOS ATKINSON TO SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13.**

CARLOS ATKINSON STATES THAT THE CURRENT TREND AT THE BROWNSVILLE PORT OF ENTRY IS TO BRING YOUNG APPLICANTS FROM OUTSIDE THE BROWNSVILLE PORT OF ENTRY. IN 2000, DOUGLAS AHERN WAS PROMOTED TO **SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13** AT BROWNSVILLE TEXAS AND WAS BROUGHT FROM HIDALGO TEXAS AFTER SERVING ONE YEAR AS A SUPERVISOR, GS-1890-12, IN HIDALGO, TEXAS. DOUGLAS AHERN HAS SINCE BEEN PROMOTED TO ASSISTANT PORT DIRECTOR AT BROWNSVILLE TEXAS.

11

CARLOS ATKINSON                SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, BLTN-/ 01-014JJF

LET THE RECORD SHOW THAT SINCE SEPT. 1999, <u>SEVERAL SUPERVISORY</u> POSITIONS HAVE BEEN FILLED BY WHITE PERSONS WHO HAVE BEEN EITHER PROMOTED AND/OR TRANSFERRED TO THE BROWNSVILLE POE, FROM WITHIN THE LAREDO CMC OR OUTSIDE THE LAREDO CMC, WHILE THE APPLICANTS AT BROWNSVILLE TEXAS ARE BEING BYPASSED. (CEO AND INSPECTOR POSITIONS)

IT IS THE CONTENTION OF CARLOS ATKINSON THAT THE USCS NATIONAL HEADQUARTERS OFFICE HAS THE RESPONSIBILITY AND DUTY TO INFORM THE NON-SELECTED PERSONNEL WHY THEY ARE NOT BEING SELECTED AND TO PREPARE THEM FOR PROMOTION. CARLOS ATKINSON IS AMONG THE BEST QUALIFIED AND IS PROBABLY THE BEST PERSON FOR THE POSITION OF SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, BECAUSE HE DOES NOT NEED ANY TRAINING FOR YOUR NORMAL EVERYDAY OPERATIONS.

IT APPEARS THAT BONNIE TISHLER FAILED TO GIVE PROPER SELECTION CONSIDERATION BASED ON EXPERIENCE, TIME IN GRADE AT THE NEXT LOWER GRADE, THE AGE OF THE BEST QUALIFIED.

## ALLEGATIONS AGAINST G. DHILLON, LAREDO CMC DIRECTOR

ACCORDING TO THE EEO COUNSELOR, MR. G. DHILLON STATED THAT HE MADE HIS DECISION TO PROMOTE THE SELECTEE BASED ON THE SELECTEE'S EXCELLENT AND ARTICULATED RESPONSES TO QUESTIONS ONE AND TWO WHICH WERE POSED AT THE PERSONAL INTERVIEW.

<u>LET THE RECORD SHOW THAT MR. G. DHILLON AND MARGIE GUTIERREZ, BROWNSVILLE PORT DIRECTOR, HAVE EEO PROBLEMS BETWEEN THEM.</u> WHY DID G. DHILLON WAIT TO INTERVIEW BROWNSVILLE APPLICANTS UNTIL MARGIE GUTIERREZ WAS OUT OF TOWN? WAS MARGIE GUTIERREZ CONSULTED ON THE SELECTION? IF NOT, WHY NOT?

HAS THE LAREDO CMC OFO G. DHILLON MADE ANY OTHER SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, IN THE LAREDO CMC? IF SO WHERE AND WHY? IF NOT WHY NOT? IF HE HAS OR HAS NOT PROMOTED ANYONE ELSE IN THE LAREDO CMC, DID HE CONSULT THE PORT DIRECTORS? IF NOT WHY NOT? WERE THE OTHER PORT DIRECTORS MALE OR FEMALES?

LET THE RECORD SHOW THAT G. DHILLON, RECOMMENDING OFFICIAL AND THE SELECTEE, BOTH WORKED IN EL PASO. DID MR. DHILLON PARTICIPATE IN MR. G. ALDAZ'S PROMOTION TO SUPERVISOR IN EL PASO TEXAS? WE ARE ALSO ASKING THAT MR. DHILLON'S TITLE, GRADE, AND POSITION BE DISCLOSED WHEN MR. G. ALDAZ WAS PROMOTED TO SUPERVISOR IN EL PASO.

ACCORDING TO THE EEO COUNSELOR, MR. G DHILLON WAS FIVE STEPS UP IN THE CHAIN OF COMMAND OVER MR. G. ALDAZ. WE ARE HEREBY REQUESTING THE CHAIN OF COMMAND LIST FOR EL PASO TEXAS BE MADE A PART OF THE RECORD. **THE INFERENCE OF SPECIAL AND FAVORABLE CONSIDERATION FOR PROMOTION OF MR. G. ALDAZ, THE EL PASO APPLICANT IS OBVIOUS.** EVEN IF THE MR. G. ALDAZ WAS PLACED ON THE BEST-QUALIFIED LIST BY A RATING AND RANKING PANEL, THE RECOMMENDING OFFICIAL, G. DHILLON, SHOULD HAVE BEEN MORE CONSIDERATE OF THE QUALIFICATIONS OF MR. CARLOS ATKINSON. <u>THE SELECTION OF DOUGLAS AHERN AGE 31, IN 2000 AND G. ALDAZ, AGE 41, BOTH FROM OUTSIDE THE BROWNSVILLE POE, LEADS CARLOS ATKINSON TO BELIEVE THAT HE HAS RECEIVED IMPROPER CONSIDERATION FOR PROMOTION BECAUSE OF HIS AGE.</u> CARLOS ATKINSON HAS SUPERIOR DEMONSTRATED POTENTIAL AND DEMONSTRATED PERFORMANCE EXPERIENCE, KNOWLEDGE, SKILLS AND ABILITIES WHICH WOULD HAVE RESULTED IN EXCELLENT BENEFITS TO THE U.S. CUSTOMS SERVICE AT THE LOCAL, CMC, AND NATIONAL LEVEL.

MR. G. DHILLON SHOULD BE HELD AT A HIGHER DEGREE OF RESPONSIBILITY FOR VIOLATING THE AGE DISCRIMINATION IN EMPLOYMENT ACT WHEN HE FAILED TO SELECT CARLOS ATKINSON. MR. G. DHILLON, KNEW OR SHOULD HAVE KNOWN, THE PROCEDURES FOR FILLING SUCH A SENSITIVE AND COMMUNITY RESPONSIBLE POSITION.

12

CARLOS ATKINSON                SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, BLTN-/ 01-014JJF

<u>THE INFERENCE OF DISCRIMINATION IS FURTHER ENHANCED BY THE FACT THAT THE PREVIOUS BROWNSVILLE PORT DIRECTOR, JORGE FLORES, WAS OUSTED AND TRANSFERRED, AND WAS SUBSEQUENTLY REPLACED BY MARGIE GUTIERREZ WHO CAME FROM SAN LUIS ARIZONA IN SEPT. 1999. SINCE SEPT. 1999 MOST OF THE SELECTED SUPERVISORS IN BROWNSVILLE HAVE BEEN WHITE AND YOUNG. ALSO SOME HAVE TRANSFERRED FROM OUTSIDE BROWNSVILLE TEXAS.</u> USCS HEADQUARTERS IS JUST AS GUILTY FOR APPROVING PROMOTION ACTIONS WITHOUT LOOKING FOR THE MOST QUALIFIED PERSON FOR THE POSITION ASIDE FROM CONSIDERING THE BEST QUALIFIED REFERRAL LIST OF APPLICANTS BY OVERLOOKING BROWNSVILLE BEST QUALIFIED APPLICANTS. THE POSITION OF PORT DIRECTOR, TWO **SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13,** AND SOME SUPERVISORY CANINE ENFORCEMENT POSITIONS HAVE BEEN FILLED BY OUTSIDERS. TWO WHITE CUSTOMS INSPECTORS HAVE BEEN SELECTED FOR SUPERVISOR GS-1890-12 SINCE MARGIE GUTIERREZ ARRIVED AS PORT DIRECTOR IN SEPT. 1999, EVEN THOUGH THERE WERE AT LEAST TEN BEST QUALIFIED HISPANICS REFERRED. ONE OF THE WHITE PERSONS SELECTED FOR PROMOTION HAD LESS SERVICE TIME THAN SEVERAL OF THE HISPANIC APPLICANTS.

## ALLEGATIONS AGAINST USCS NATIONAL HEADQUARTERS CIVILIAN PERSONNEL OFFICE.

THE FOLLOWING INFORMATION WILL BE REQUESTED FROM THE USCS CIVILIAN PERSONNEL OFFICE FOR THE PURPOSE OF CHALLENGING THE RATING AND RANKING PROCEDURES UTILIZED FOR ESTABLISHING THE QUALIFIED LIST OF APPLICANTS AND THEN THE BEST QUALIFIED LIST OF APPLICANTS FOR THE POSITION OF SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, VACANCY ANNOUNCEMENT NUMBER BLTN-/01/014JJF,N OPENING DATE 7/18/01 AND CLOSING 8/7/01. IT IS REQUESTED THAT THE FOLLOWING INFORMATION BE MADE PART OF THE RECORD.

1. THE TOTAL LIST OF APPLICANTS FOR BROWNSVILLE TEXAS AND THE DAY THE APPLICATIONS WERE RECEIVED IN CIVILIAN PERSONNEL OFFICE.
   HOW MANY APPLICANTS WERE FROM BROWNSVILLE TEXAS AND THEIR AGE?

2. THE TOTAL APPLICANTS FOUND TO BE QUALIFIED FOR BROWNSVILLE TEXAS.
   HOW MANY APPLICANTS WERE FROM BROWNSVILLE TEXAS AND THEIR AGE?

3. THE TOTAL APPLICANTS FOUND TO BE AMONG THE BEST QUALIFIED AND REFERRED TO BROWNSVILLE TEXAS.
   HOW MANY APPLICANTS WERE FROM BROWNSVILLE TEXAS AND WHAT IS THEIR AGE?
   THE TOTAL APPLICANTS FOUND TO BE AMONG THE BEST QUALIFIED AND REFERRED FROM THE LAREDO CMC?
   HOW MANY APPLICANTS WERE FROM THE LAREDO CMC AND WHAT IS THEIR AGE?

4. WHO DECIDED THAT 12 BEST-QUALIFIED APPLICANTS WERE GOING TO BE REFERRED TO BROWNSVILLE TEXAS?
   (THE CMC DIRECTOR; POE DIRECTOR; USCS HEADQUARTERS?)

5. IN WHAT OTHER CITIES WERE SIMILAR VACANCIES AND HOW MANY WERE FILLED?
   EXAMPLE: BROWNSVILLE  1 VACANCY   1 POSITION FILLED

6. HOW MANY BEST-QUALIFIED APPLICANTS WERE REFERRED FOR EACH VACANCY?
   EXAMPLE: BROWNSVILLE  1 VACANCY   12 BQ APPLICANTS REFERRED



CARLOS ATKINSON          SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, BLTN-/ 01-014JJF

7. HOW MANY SELECTEES WERE USED TO FILL VACANCIES FROM OTHER PORTS. EXAMPLE: BROWNSVILLE 1 VACANCY   SELECTEE FROM EL PASO

8. HOW MANY BEST-QUALIFIED APPLICANTS ARE NORMALLY REFERRED FOR EACH SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13?

9. WHAT ARE THE NORMAL GUIDELINES RECOMMENDED FROM USCS HEADQUARTERS FOR REFERRING BEST-QUALIFIED APPLICANTS FOR EACH SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13? IS IT 12 BQ REFERRALS ALWAYS FOR EACH VACANCY?

10. DID G. ALDAZ APPLY FOR THE SAME POSITION IN EL PASO TEXAS? DID MR. ALDAZ APPLY AND WAS HE REFERRED TO OTHER LOCATIONS? IF SO WHAT LOCATIONS?

11. HOW MANY VACANCIES WERE IN THE LAREDO CMC? PLEASE IDENTIFY THE PORT, THE NUMBER OF VACANCIES, HOW MANY VACANCIES WERE FILLED, WHERE THE SELECTEES WERE FROM, THE SELECTEE'S AGE, THE NAME OF THE INTERVIEWING OFFICIAL, THE NAME OF THE RECOMMENDING OFFICIAL, AND THE NAME OF THE SELECTING OFFICIAL.

12. HOW MANY VACANCIES HAVE BEEN FILLED NATIONWIDE WITH THE SAME PROMOTIONAL BULLETIN? HOW MANY APPLICANTS OVER THE AGE OF SIXTY HAVE BEEN SELECTED? HOW MANY APPLICANTS HAVE TRANSFERRED FROM WHAT PORT TO WHAT PORT FOR THE PROMOTION IN QUESTION? WHAT ARE THE AGES OF THE PROMOTED PERSON? EXAMPLE: BROWNSVILLE 1 VACANCY   1 POSITION FILLED  FROM EL PASO  AGE 41 YOA

13. WHO DETERMINED WHICH APPLICANTS WERE QUALIFIED?

14. WHO DETERMINED WHICH APPLICANTS WERE BEST QUALIFIED AND REFERRED?

15. IF A PANEL WAS USED, WHO SELECTED THE PANEL AND WHERE WERE THE PANEL MEMBERS FROM? WERE THE PANEL MEMBERS FROM AIRPORTS, SEAPORTS, EAST OR WEST COAST, AND NORTH OR SOUTH BORDER?

16. WHAT KIND OF RANKING WAS USED FOR RATING THE APPLICANTS, ADJECTIVE OR NUMERICAL?

17. A COPY OF THE RATING AND RANKING CRITERIA IS HEREBY REQUESTED FOR THE PURPOSE OF DETERMINING WHETHER THE REQUIREMENTS FOR THE POSITION AS IDENTIFIED IN THE SUMMARY OF DUTIES, THE SUMMARY OF QUALIFICATION REQUIREMENTS, SPECIALIZED EXPERIENCE, AND SUPERVISORY EXPERIENCE, WERE PROPERLY CONSIDERED IN DETERMINING THE BEST-QUALIFIED APPLICANTS.

18. A SANITIZED COPY OF THE BEST-QUALIFIED LIST IS HEREBY REQUESTED INDICATING THE POINT GRADE FOR EACH REFERRED APPLICANT, DISCLOSING THE TOTAL POINT CREDIT FOR THE SELECTEE AND THE COMPLAINANT.

19. THE IMPROPER CONSIDERATION FOR THE PROMOTION OF THE SELECTEE RESTS WITH THE FACT THAT HE WAS NOT GIVEN PROPER CREDIT FOR THE EXPERIENCE, KNOWLEDGE, SKILLS, AND ABILITIES GAINED DURING HIS TENURE AS A U.S. CUSTOMS INSPECTOR SUPERVISOR, AND TIME IN GRADE, BECAUSE OF HIS AGE.

HOW MUCH TIME IN GRADE AND EXPERIENCE IS THE SELECTEE FOR BROWNSVILLE TEXAS CLAIMING TO HAVE AS SUPERVISOR AND WHAT ARE HIS ACCOMPLISHMENTS AND EXPERIENCE IN THE CARGO IMPORT LOT IN EL PASO TEXAS?

14

CARLOS ATKINSON        SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, BLTN-/ 01-014JJF

20. HOW MUCH EXPERIENCE DOES THE STAFFING SPECIALIST HAS WHO DETERMINED THE QUALIFIED APPLICANTS LIST?

21. DID THE STAFFING SPECIALIST APPLY THE REQUIREMENTS OF PART IV (QUALIFICATION STANDARD FOR SUPERVISORY POSITIONS) OF THE OPERATING MANUAL-QUALIFICATION STANDARDS FOR GENERAL SCHEDULE POSITIONS?

22. DID SELECTEE QUALIFY FOR THE GS-1890-13 POSITION AS REQUIRED BY OPM MINIMUM JOB QUALIFICATION STANDARDS FOR SAID POSITION?

23. LAST BUT NOT LEAST, HOW MANY OF THE BROWNSVILLE APPLICANTS WERE AMONG THE BEST QUALIFIED AND REFERRED?

24. PLEASE ENTER FOR THE RECORD WHO MAKES THE DECISION TO ANNOUNCE THE PROMOTION TO BE MADE ONLY FOR THE COMMUTING AREA.

25. WHY WASN'T THE POSITION IN QUESTION ANNOUNCED FOR "COMMUTING AREA ONLY?

26. DID THE U.S. CUSTOMS SERVICE PAY FOR THE RELOCATION EXPENSES FOR MR. G. ALDAZ? IF SO, DID THE U.S. GOVERNMENT, BUY ANY REAL ESTATE PROPERTY FROM MR. G. ALDAZ BECAUSE OF THE MOVE RELATED TO THE PROMOTION?

27. WHAT IS THE MINIMUM AMOUNT OF BEST-QUALIFIED APPLICANTS FOR THE POSITION OF SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, **THAT IS ALLOWED UNDER THE RULES AND PROVISIONS OF THE OFFICE OF PERSONNEL MANAGEMENT?**

28. WERE THEIR ENOUGH BEST QUALIFIED APPLICANTS FOR SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, FROM BROWNSVILLE TEXAS **UNDER THE RULES AND PROVISIONS OF THE OFFICE OF PERSONNEL MANAGEMENT?**

29. WERE THEIR ENOUGH BEST QUALIFIED APPLICANTS FOR SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, FROM THE LAREDO CMC **UNDER THE RULES AND PROVISIONS OF THE OFFICE OF PERSONNEL MANAGEMENT?**

30. PLEASE INCLUDE FOR THE RECORD, WHAT OTHER CURRENT REFERRALS FROM USCS HDQTRS HAVE INCLUDED A MINIMUM OF 12 BEST QUALIFIED APPLICANTS FOR ONE POSITION OF SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, TO CMC'S OTHER THAN THE LAREDO CMC? PLEASE LIST THEM BY NAME, DATE, AND THE AREA THE APPLICANTS ARE FROM.

31. DID G. DHILLON, AT ANY TIME, RETURN ANY BEST-QUALIFIED APPLICANT REFERRAL LIST FOR SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, CLAIMING THAT THERE WERE NOT ENOUGH APPLICANTS ON THE LIST FOR THE BROWNSVILLE TEXAS VACANCY? IF SO, HOW MANY WERE ON THE LIST AND WHERE WERE THE APPLICANTS FROM?

32 DID G. DHILLON, AT ANY TIME, RETURN ANY BEST QUALIFIED APPLICANT REFERRAL LIST FOR SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, CLAIMING THAT THERE WERE NOT ENOUGH APPLICANTS ON THE LIST FOR ANY OTHER PORT IN THE LAREDO CMC? IF SO, HOW MANY WERE ON THE LIST AND WHERE WERE THE APPLICANTS FROM?

15

CARLOS ATKINSON        SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13, BLTN-/01-014JJF

ALL OF THE ABOVE INFORMATION IS SUBMITTED ALONG WITH THE ALLEGATIONS OF AGE DISCRIMINATION IN EMPLOYMENT ACT BECAUSE OF IMPROPER CONSIDERATION FOR PROMOTION OF CARLOS ATKINSON TO THE POSITION OF **SUPERVISORY CUSTOMS INSPECTOR, GS-1890-13 IN BROWNSVILLE, TEXAS,** AS HE WAS ONE OF THE BEST QUALIFIED AND REFERRED APPLICANTS.

ALL OF THE ABOVE STATEMENTS AND ALLEGATIONS ARE MADE IN GOOD FAITH AND WITHOUT INTENT TO DISCREDIT OR HARM ANYONE. SOME STATEMENTS ARE MADE BASED ON INFORMATION GIVEN TO CARLOS ATKINSON, COMPLAINANT, AND FRANCISCO RIVERA, PERSONAL REPRESENTATIVE OF CARLOS ATKINSON, BY THE EEO COUNSELOR AND OTHER USCS EMPLOYEES.

_____
CARLOS ATKINSON
COMPLAINANT
DATE 4/16/02

_____
FRANCISCO RIVERA
PERSONAL REPRESENTATIVE
DATE 04/16/02

U.S. CUSTOMS SERVICE
WASHINGTON, D.C. 20220

DATE: 3-28-02

TO: _Carlos Atkinson_
(Person Counseled)

FROM: _Christine Accas_
(Counselor)

SUBJECT: NOTICE OF RIGHT TO FILE A DISCRIMINATION COMPLAINT UNDER 29 CFR PART 1614 AND THE NEGOTIATED EEO GRIEVANCE PROCESS.

This is to inform you that because the matter(s) you brought to my attention has/have not been resolved to your satisfaction through the Negotiated EEO Process, you are now entitled to file a formal EEO grievance.

## Filing a Formal Grievance under the Negotiated EEO Grievance Process

If you have elected to proceed with this matter under the Negotiated EEO Grievance Process, and file a formal complaint of discrimination, you must complete the Customs Form (CF) 280, Part I, (signed, and filed, in person or by mail) within **14 CALENDAR DAYS OF THE END OF THE 90-DAY PERIOD.**

In order to expedite the processing of your grievance, please utilize the U.S. Customs Form 280, Part I, that you were given at the initiation of your grievance. Your grievance must be filed with the Director of the Treasury Complaint Center listed on the next page.

## Filing a Formal Complaint under the Statutory Process

If you have elected to pursue this matter under the 29 CFR Part 1614 Statutory Process, and file a formal complaint of discrimination, it must be in writing, signed, and filed, in person or by mail within **15 CALENDAR DAYS AFTER RECEIPT OF THIS NOTICE.**

You are reminded that the formal complaint must contain a signed statement which is sufficiently precise to describe generally the actions or practices that form the basis of the complaint, and must contain the telephone number and address where you or your representative may be contacted. The complaint must also state whether you have filed a grievance under a negotiated grievance procedure or an appeal to the Merit Systems Protection Board on the same

17

matter(s). Also, only matters raised during the counseling stage or matters like or related to those claims, may be included in the formal complaint.

In order to expedite the processing of your complaint, please utilize the Department's Individual Complaint Form (TD F 62-03.5 (09/87)) which you have been provided. Your complaint must be filed with the Director of the Treasury Complaint Center listed below.

_Jerry Armstrong_, Director
Name of Director

_Dallas Complaint Center_
Location of Regional Complaints Center Street Address

_4050 Alpha Rd, Dallas TX 75244_
City, State and Zip Code

_972 308-1303_
Telephone Number

NOTE: If yours is a class complaint of discrimination, your complaint must be filed with:

Director,
Office of Equal Opportunity Program
Department of the Treasury
Washington, DC 20220

**********************************IMPORTANT**********************************

This notice was delivered on the date indicated to the complainant named above by the following method:

| Hand Delivered | Date Delivered | Complainant's Signature |
| --- | --- | --- |
| Certified/ Registered Mail | Date Mailed | Certified/ Registered Number |
| _Fred By_ | | _[signature]_ |

8317 3858 5967

Counselor's Signature

14



U.S. POSTAGE PAID BROWNSVILLE, TX 78520 APR 16, 02 AMOUNT $13.95 0005-4225-94

RECEIVED APR 18 2002 TREASURY COMPLAINT CTR DALLAS, TEXAS

**EXPRESS MAIL** — POST OFFICE TO ADDRESSEE
RETURN RECEIPT REQUESTED

ORIGIN (POSTAL USE ONLY)
PO ZIP Code: 78520
Date In: 4/16
Time In: 1:54 PM
Weight: 2 lbs 3 oz
Flat Rate Envelope
Postage: $12.95
Return Receipt Fee: 1.50
Total Postage & Fees: $

FROM: Carlos Atkinson
PHONE: 956-546-6398
Brownsville, Texas 78521

TO: Jerry Armstrong
Dallas Complaint Center
4050 Alpha Road
Dallas, Texas 75244
PHONE: 972-308-1303

Label 11-B May 2001
*ET949741627OUS*

1

**Summary of Investigation**

**COMPLAINANT:** Carlos Atkinson

**TD NUMBER:** 02-2207

**CLAIM ACCEPTED:**

Was the Complainant discriminated against on the basis of age (60, DOB: ■/41) when he was not selected for the position of Supervisory Customs Inspector advertised under the Agency's Vacancy Announcement Number BLTN-/01-014JJF?

**CRITICAL FACTS:**

- The Complainant is a Supervisory Customs Inspector, GS-1890-12, in the Port of Brownsville, TX, under the South Texas Customs Management Center (CMC). IF, Ex. 4, p. 42

- On July 18, 2001, Vacancy Announcement Number BLTN-/01-014JJF was issued advertising a vacant Supervisory Customs Inspector (Chief Inspector), GS-1890-13, position in Brownsville, TX. IF, Ex. 8, pp. 65-67

- In or about September 2001, a Best Qualified (BQ) list of candidates in alphabetical order was issued and consisted of the following:

    | Candidate | Date of Birth |
    |---|---|
    | Jorge Aguilar | ■/55 |
    | Noe Alcala | ■/61 |
    | Gilbert Aldaz (Selectee) | ■/61 |
    | Carlos Atkinson (Complainant) | ■/41 |
    | Jaime Castillo | ■/64 |
    | Lucia Guardiola | ■/56 |
    | David Lambrix | ■/55 |
    | Armandina Martin | ■/46 |
    | Oscar Martinez | ■/54 |
    | Zeferino Medina | ■/46 |
    | Elia Ochoa | ■/63 |
    | Humberto Salinas, Jr. | ■/62 |

    IF, Ex. 9, p. 69

- The application package, including the BQ list, was sent to Gurdit Dhillon (age 61, DOB: ■/40), Director, South Texas CMC in Laredo, TX. He

2

- was the recommending official and he conducted all the interviews. IF, Ex. 5, pp. 47-48

- Gurdit Dhillon is the Complainant's fourth level supervisor and the Selectee's third level supervisor. He did not know either of their ages. IF, Ex. 5, p. 47

- In or about November 2001, Gurdit Dhillon interviewed the Complainant. Gurdit Dhillon asked the Complainant what he would do if he became Chief Inspector and he said he would try his best to communicate with all employees and motivate them to become productive and excellent officers. He was also asked how he would handle traffic management. He told Gurdit Dhillon that they had outstanding and experienced employees that could handle traffic efficiently and professionally. He also told him that approximately 98% of the people were good and honest travelers and that the Inspectors would be able to send suspicious people into secondary inspection, while the other travelers would be released to the United States. He also advised Gurdit Dhillon that during slow traffic, extra efforts would be taken to address Enforcement Operations. IF, Ex. 4, p. 43

- The Complainant alleged that he felt discriminated against on the basis age because Gurdit Dhillon was not interested in asking him about his vast U.S. Customs experience and job knowledge in supervising seaport, airport, bridge and railroad stations. He also did not ask him how long he had worked for U.S. Customs or how he liked his job. He alleged that Gurdit Dhillon looked at him like he was an old supervisor with nothing to offer and that he had already made a decision regarding who to select. IF, Ex. 4, p. 43

- The Complainant also alleged that during the interview, Gurdit Dhillon asked him about a disciplinary action against his son, who is a Senior Inspector. He felt awkward and intimidated because the issue was irrelevant. He further alleged that Gurdit Dhillon asked him about his other son, who is a Canine Enforcement Officer and viewed by management as an aggressive National Treasury Employees' Union (NTEU) President. He asserted that this line of questioning was improper and unprofessional and because of this, he believed he would not receive proper consideration for the position. IF, Ex. 4, p. 43

- Gurdit Dhillon asserted that he asked the same basic questions to all the candidates. He designed the questions and was looking for a certain response that explained a certain process or concept. He denied that he

3

    asked the Complainant about his sons. IF, Ex. 5, pp. 48-50

- Gurdit Dhillon recommended Gilbert Aldaz for the position. On or about December 4, 2001, Bonni Tischler[1], Assistant Commissioner, signed the selection register indicating that Gilbert Aldaz was selected. IF, Ex. 5, p. 50; Ex. 9, p. 69

- The Complainant asserted that he is better qualified than the Selectee because of his vast expertise in the area of commercial cargo and bridge operations; he has been detailed by the Laredo, TX District Office to other Ports of Entry along the southwest border; he was assigned to a Management Review Team that audited the Port of Eagle Pass and had their recommendations implemented by management; he has worked for U.S. Customs since 1970; he has served and performed all required supervisory duties; as a supervisor, he managed an inspection that required coordination with city, county, state and Federal agencies; he has knowledge and experience in working and supervising the airport, seaport, cargo operations, railroad and multiple bridge passenger processing sections at all Brownsville, TX Port of Entry locations; and, he has worked with the community, can related to their problems and conduct compliance operations. IF, Ex. 4, pp. 43-44

- Gurdit Dhillon asserted that age was not a factor in his recommendation. In making his recommendation, he looked at the total application package and considered the interview results. IF, Ex. 5, p. 51

- Gurdit Dhillon asserted that both the Complainant and the Selectee did good in the interview process. He asserted that the Selectee did better with his written package in addressing the required criteria and he did better in the interview. He asserted that the Selectee's interview responses indicated that he had a better grasp of systems and processes than the Complainant had. He attributed this to the size of the Port of Entry worked by the candidates. He asserted that the Selectee worked at one of the largest Ports of Entry on the southern border and the Complainant worked at mid-size operations. IF, Ex. 5, pp. 50-51

- The Complainant alleged that during a management meeting at the Port of Brownsville, TX, Gurdit Dhillon advised Margie Guiterrez, Port Director, to assign the Selectee to the bridge because he did not have cargo experience. The Complainant asserted that the Selectee was assigned to the bridge. He further alleged that Margie Guiterrez advised the Assistant

---

1 Bonni Tischler retired on or about June 30, 2002, prior to the subject investigation.



4

Port Director that the Selectee lacked cargo experience. IF, Ex. 4, p. 44

- The Complainant asserted that based on the statements made by management, the Selectee did not have the Cargo Operations experience. He asserted that about 80% of the knowledge required for the Chief Inspector position is related to cargo experience. IF, Ex. 4, p. 44

- The Complainant alleged that the usual procedure for selecting a Chief Inspector is to have an interview panel provide input for the selection of the best-qualified candidate. He alleged that Gurdit Dhillon intentionally excluded Margie Guiterrez from the selection process and that this diminished his chance for a promotion. IF, Ex. 4, pp. 45-46

- Gurdit Dhillon denied that he made the statement regarding the Selectee's cargo experience. IF, Ex. 5, p. 51

- Margie Gutierrez (age 46, Date of Birth: 8/11/55) is the Port Director, Brownville, TX, under the South Texas CMC. She is the Complainant's third-level supervisor. She is not aware of his age. She is the Selectee's second-line supervisor and is not aware of his age. She had no involvement in the recommendation or selection process for the subject position. IF, Ex. 6, pp. 53-54

- Margie Guiterrez asserted that she was left completely out of the subject selection process, which is contrary to the agency's procedures. She asserted that the other Port Directors under the South Texas CMC advised her that they have had an opportunity to participate in the selection process by either participating in the interview or recommending the best candidate. She stated that she was on a one-week detail at the time of the interviews and could have been reached by telephone. IF, Ex. 6, p. 54

- Margie Guiterrez asserted that a Chief Inspector's meeting was held in January 2002. She advised the Chief Inspectors during this meeting that assignment changes were needed because the Assistant Director advised her that the Selectee had limited experience in cargo and management. As a result, they reassigned the Selectee to passenger operations, which was an area that he was more familiar with. IF, Ex. 6, p. 56

- Margie Guiterrez asserted that could not provide a comparison of the qualifications between the Selectee and the Complainant because she was not involved in the selection process. She stated that she knew the

5

- Complainant had many years of experience as a first-line supervisor in the areas of enforcement, passenger, and cargo and that the Selectee did not have this experience. IF, Ex. 6, p. 55

- The Complainant alleged that Douglas Ahern, who was approximately 33 at the time, was promoted over several Hispanic supervisors, who were over the age of 40, in March 2000, to a Chief Inspector position in Brownsville, TX and that Gurdit Dhillon was the Laredo, TX District Director at that time. IF, Ex. 4, p. 45

- Gurdit Dhillon asserted that he was not involved in the process related to Douglas Ahern because he did not arrive in South Texas-Laredo until January 2001. IF, Ex. 5, p. 51

- Gurdit Dhillon has recommended two other candidates for the position of Supervisory Customs Inspector, GS-1811-13: Juan Contreras (age 46, Date of Birth: 10/1/54) who was promoted effective July 15, 2001 and Lydia Garcia (age 42, Date of Birth: 12/28/58) who was promoted effective August 12, 2001. IF, Ex. 5, pp. 52-53

- A comparison of the Complainant's qualifications with the Selectee's qualifications listed on their applications indicates that the Complainant has been a supervisor since 1989 and the Selectee has been a supervisor since August 2000. The Complainant has been employed with U.S. Customs for 30 years and the Selectee has been employed by U.S. Customs for 12 years. IF, Ex. 25, p. 504