# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# —BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| CARLOS ATKINSON,<br>    Plaintiff, | § § § | |
| vs. | § | CIV. NO. B-04-039 |
| | § | |
| THOMAS J. RIDGE, Secretary<br>U.S. Department of Homeland Security,<br>    Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Carlos Atkinson ("Atkinson"), filed suit claiming he was discriminated against in violation of the Age Discrimination in Employment Act ("ADEA"). Pending before the Court is Defendant's Motion for Summary Judgment and Memorandum in Support of Summary Judgment. [Docket No. 13] Plaintiff has not filed a response.

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty days after filing (December 21, 2005, in this case) and that the failure to respond will be taken "<u>as a representation of no opposition</u>." Rule 7.4(a) plainly states that such responses must be filed by the submission date (December 21, 2005). Therefore, the local rules would allow the Court to grant Defendant's Motion for Summary Judgment and Memorandum in Support of Summary Judgment [Docket No. 13] as it should be considered unopposed. However, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1986). In fact, the Fifth Circuit has explicitly held that the granting of motions for summary judgment and dismissal for want of prosecution pursuant to

local rules obligating the opposing party to reply within a given time is improper. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.,* 631 F.2d 1210, 1213-14 (5th Cir. 1980). Therefore, a dismissal pursuant to the local rules based solely on Plaintiff's failure to respond to Defendant's motion would be improper. The Court will now turn to the merits of Defendant's Motion for Summary Judgment.

There is a three step burden shifting framework in ADEA cases. "First, the plaintiff must establish a prima facie case of discrimination." *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 142 (2000). Second, once the plaintiff has established a prima facie case, the burden shifts "to [the] respondent 'to produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.'" *Id.* (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). Third, once the employer has produced evidence to support a nondiscriminatory reason, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive alternative)." *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 352 (5th Cir. 2005).

In this case, the employer has conceded that Atkinson has established a prima facie case of age discrimination. The employer has produced evidence of a legitimate, nondiscriminatory purpose, including a belief that Atkinson contributed to the "low seizure history" at the Port of Brownsville and Mr. Aldaz's superior written package and interview. [Docket No. 13, Ex. 6 & 7] Thus, only the third prong of the burden shifting framework is at issue.

The Fifth Circuit has explained that there are two ways an ADEA plaintiff can survive

summary judgment once the employer has shown a nondiscriminatory purpose: "(1) the plaintiff may offer evidence showing that the defendant's proffered nondiscriminatory reasons are false; or (2) the plaintiff may offer evidence showing that his age was a motivating factor for the defendant's adverse employment decision." *Machinchick*, 398 F.3d at 352.  In this case the Plaintiff has failed to reply to the motion for summary judgment and has thereby failed to offer evidence of the falsity of Defendant's allegations or evidence showing his age was a motivating factor.  Nor has he pointed to anything in the record which raises a fact issue.  The Court is not required to glean facts from the record when a plaintiff has failed to respond to a motion for summary judgment.  *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex. 1996) (explaining that "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence).  Therefore, Defendant's Motion for Summary Judgment and Memorandum in Support of Summary Judgment [Docket No. 13] is hereby **GRANTED**.

Signed this 23rd day of January, 2006.

_____
Andrew S. Hanen
United States District Judge