UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 2 2006

Michael N. Milby
Clerk of Court

CARLOS ATKINSON §
    *Plaintiff,* §
§
VS. § CIVIL ACTION NO. B-04-039
§
THOMAS J. RIDGE, SECRETARY §
OF THE U.S. DEPARTMENT §
OF HOMELAND SECURITY §
§

MOTION FOR NEW TRIAL/RECONSIDERATION/CLARIFICATION

TO THE HONORABLE COURT:

COMES NOW CARLOS ATKINSON, Plaintiff herein and would respectfully show as follows:

1- BACKGROUND

Defendant filed a motion for summary judgment which exclusively addressed Plaintiff's age discrimination cause of action. A motion for summary judgment was granted by this court based on the unapposed evidence of Defendant, and, presumably, also based on all those other elements set out in F.R.C.P. 56. The court's order simply states that "Defendant's Motion For Summary Judgment and Memorandum in Support of Summary Judgment [Docket No. 13] is hereby GRANTED."

2- ISSUE ADDRESSED HERE BY PLAINTIFF

While a *portion* of Plaintiff's lawsuit dealt with age discrimination, a major complaint of Plaintiff Carlos Atkinson, which was not addressed in Defendant's motion for summary judgment at all, is that Defendant violated multiple non-age discrimination federal employment laws which

have been carefully crafted to try to ensure a fair hiring and promotion environment for those who seek to exercise the right to work for their own government. As shown by the deposition testimony of supervisor Gurdit Dhillon, Defendant effectively eliminated decades of protective federal employment law with the novel phrase "operational need". (P-1) Essentially Defendant Dhillon said Defendant could promote without regard to relevant federal laws with the supposed magical wand Dhillon called "operational need". "Operational need" was apparently viewed by the United States Customs Service as the "final solution" to the nagging problem of following federal laws designed to protect the integrity of federal employment promotions. In this instant case Defendant promoted someone out of the immediate commuting area without granting Plaintiff the preference he was entitled to as a result of living in the immediate Port of Brownsville area, promoted without creating a promotion crediting plan, promoted without convening an interview panel, promoted without interviewing all qualified applicants (P-2), promoted with interview preferences, and promoted someone who did not meet even the minimum criteria required for the position.

3- SPECIFIC SUMMARY JUDGMENT LIMITATION BY DEFENDANT

Defendant specifically limited its summary judgment motion to age discrimination. Paragraph three of plaintiff's original complaint, however, specifies different and additional non-age discrimination claims and paragraph four of Plaintiff's original complaint sets out the factual basis for such wider claims, namely that the promotional selectee, Gilbert Aldaz lacked the minimum requirements for the position, that Defendant violated federal law by going out of the immediate commuting area to hire selectee Aldaz without according Plaintiff the preference granted by law to employees in the immediate commuting area of the job opening, and that Defendant totally ignored federal employment law by essentially creating new promotion process based on the novel phrase "operational need".

4- WHAT THE EVIDENCE ELICITED IN THE CASE AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ESTABLISHED

It became obvious, as demonstrated clearly throughout all of the deposition testimony of every witness, that Gurdit Dhillon, the interviewing/recommending official, selected Gilbert Aldaz because Dhillon had been the subject of several sexual harassment claims filed by Margie Guitierrez who was the port director where Plaintiff Atkinson and most of the other applicants worked. To promote Gilbert Aldaz, who Dhillon knew from El Paso, and who Dhillon obviously wanted as a spy in the port directed by Margie Guitierrez, Dhillon had to violate multiple federal employment laws. Selectee Gilbert Aldaz he knew Dhillon in El Paso.(P-3) Further, during the EEOC investigation process Dhillon swore that he had personally interviewed everyone and that he had asked all applicants only the same two basic questions (P-4). The selectee himself, however, testified that Dhillon asked him *twelve* questions. (P-5). Plaintiff alleges that he and others who were not selected, were asked only two questions.

After creating the novel "operational need" concept to justify why Dhillon could ignore well-established federal employment law, Dhillon then went on to lie about the nature of the supposed "operational need". Dhillon testified that the Brownsville Port was being badly run, that there were not enough seizures. The port was a disaster according to Dhillon, therefore in need of new blood (P-6)While that was not *factually* true (and Defendant has not produced the documentation it promised to produce during the deposing of its agents and which allegedly would show this to be the case) the true state of affairs, and the further dishonesty of Dhillon, can in any case be shown by the National Manager of the Year Award given to Brownsville Port Director Margie Guitierrez for the year 2000 for her outstanding management of the Port of Brownsville. Guitierrez received the award at a special ceremony in Washington not long before the promotion process took place. (P-7)

5- SOME OF THE ILLEGAL PROMOTIONAL PRACTICES DETAILED

The promotion announcement itself set forth some of the promotion regulatory requirements, providing, as per federal law, that all minimally qualified candidates be given a "ranking and rating" and that a Customs Service "Merit Promotion Plan" be applied to such minimally qualified applicants.(P-8). Defendant admitted that no "ranking and rating" was ever done and no "Merit Promotion Plan" or "Crediting Plan" were ever created and thus not applied, as federal law required, to this promotional opportunity. In the EEOC case, for example, Plaintiff requested production of the merit promotion plan and crediting plan but neither were produced. Such documents were never produced because, as noted, Defendant admitted that such documents were never created. The failure to produce documents creates, by federal regulation, a presumption under EEOC regulations that such non-produced documents support the position of the party who requested the documents. See Equal Opportunity Management directive EEO MD-110, Ch. 6, Paragraph XII.

Plaintiff Atkinson alleges that an unqualified, ineligible candidate hired supposedly for a cargo supervisory position never filled to opening because such selectee was unqualified to do so. The promotional opening was for the Chief Inspector of *cargo*, Port of Brownsville where there was an acting supervisor. See memo of Port Director Margie Gutierrez.(P-9) Selectee Aldaz had no supervisory experience in cargo (P-10) and never was ever even assigned to cargo after his appointment (P-11). Additionally, the promotion announcement, as noted, itself incorporated the federal rule requiring that priority be given to well qualified candidates in the "commuting area". Plaintiff was well qualified and within the commuting area yet clearly received no priority consideration. Selectee Aldaz was from El Paso. Plaintiff, as shown by the fact he was interviewed, was a "well qualified" applicant by definition. As selectee Aldaz acknowledged in his deposition, Plaintiff's evaluation showed that Plaintiff had the highest rating in all evaluation categories whereas

the selectee had lower ratings in two categories, one of which was directly tied to supervision. (P-12). The entire promotion process was a sham.

Defendant fell on its own sword. In its attempt to demonstrate that age was not the issue in the selection process, Defendant admitted to violating multiple federal employment laws. Presumably that reality that so many federal laws were broken in the promotion process is why Defendant did not move for summary judgment on the non-age causes of action brought by Plaintiff Atkinson. Those non-age violations were clearly set out in Plaintiff's complaint and to the extent that the court's order of January 23, 2006 would have the effect of dismissing Plaintiff's entire case, the order would be error under applicable summary judgment law.

As noted in hundreds of reported decisions, pursuant to Rule 56, a party may only obtain summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal courts are required to view the evidence and inferences in the light most favorable to the nonmoving party. See *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). There is no evidence negating Plaintiff's non-age causes of action and no attempt by Plaintiff to have such claims dismissed.

## SUMMARY

The pleadings clearly assert causes of action not addressed by Defendant's motion for summary judgment and in the absence of appropriate pleadings and evidence submitted by Defendant, such causes of action cannot be dismissed. Such pleadings and proof cannot ever be

submitted to this court because the clear testimony of Defendant's own witnesses is that Defendant violated multiple non-age federal employment laws. Essentially Gurdit Dhillon ignored many federal merit/selection rules (e.g., P-12) with the obvious purpose of bringing to the Port of Brownsville an ally from the Port of El Paso to somehow spy on Brownsville Port Director Margie Guitierrez who had alleged, successfully, in EEOC proceedings that Dhillon had sexually harassed her. (P-13)

WHEREFORE, Plaintiff prays that this motion be granted and the case re-set for trial.

Respectfully submitted,

_____
DENIS A. DOWNEY
State Bar No. 06085500
Federal ID 1186
1185 FM 802, Suite 3
Brownsville, Texas 78526-1538
(956) 544-0561 / (956) 544-0562 (FAX)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was delivered on the Second day of February, 2006 to Nancy Masso, Assistant US Attorney.

_____
Denis A. Downey