IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CARLOS ATKINSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. B-04-039 |
| THOMAS J. RIDGE[1], Secretary U.S. DEPARTMENT OF HOMELAND SECURITY | ) |
| Defendant. | ) |

***DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR NEW TRIAL AND/OR RECONSIDERATION***

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant herein, by and through Chuck Rosenberg, United States Attorney for the Southern District of Texas, filed his motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on December 1, 2005. Plaintiff, though properly served with a copy of the motion and exhibits, did not file a response. On January 23, 2006, this Honorable Court reviewed the Defendant's motion, memorandum, and exhibits; and, after providing thoughtful consideration to the merits of the motion and its supporting exhibits, this Court rendered a memorandum decision and judgment in favor of the Defendant.

In response to this judgment, Plaintiff timely filed "Plaintiff's Motion for New Trial/Reconsideration/Clarification"- hereinafter referred to as "Plaintiff's Motion."

1.  **Plaintiff's Argument**

---

[1] Thomas J. Ridge is no longer the Secretary of the United States Department of Homeland Security. The Secretary is now Michael Chertoff.

In his Motion, Plaintiff never offers an explanation as to why he failed to respond to the Defendant's Summary Judgment Motion. Instead, Plaintiff urges that this Court reconsider its decision granting the Defendant's Motion for Summary Judgment because:

> [w]hile a *portion* of Plaintiff's lawsuit dealt with age discrimination, a major complaint of Plaintiff Carlos Atkinson, which was not addressed in Defendant's motion for summary judgment at all, is that Defendant violated multiple non-age discrimination federal employment laws which have been carefully crafted to try to ensure a fair hiring and promotion environment for those who seek to exercise the right to work for their own government. See, *Plaintiff's Motion for New Trial/Reconsideration/Clarification*, pp. 1-2.

2. **Defendant's Response**

In submitting his Motion, Plaintiff for the first time, attempts to counter the arguments raised by the Defendant's summary judgment motion. In doing so, Plaintiff makes unsupported claims against the Defendant and his employees and tries to suggest that this case was more than an age discrimination case. Plaintiff suggests that the Defendant violated a number of "non-age federal discrimination laws". However, as this Court correctly concluded, the Plaintiff is confined to his pleadings and should not be allowed to plead anew here.

   A.    **Plaintiff has Not Plead Any Cause of Action Other than Age Discrimination.**

In his Motion, Plaintiff never identifies the "non-age discrimination federal employment laws" which Defendant is supposed to have violated. At page 5 of Plaintiff's Motion, Plaintiff boldly states that "Defendant admitted to violating multiple federal employment laws." This is not true. There is no admission cited to by Plaintiff. Nor are the "multiple federal employment laws" identified. For example, Plaintiff urges that alleged flaws existed in the selection process, including the supposed "preference granted by law" which Plaintiff claims was a violation of federal law. Yet, Plaintiff never identifies the specific federal law that was violated. Plaintiff

states again at p. 4 of Plaintiff's Motion that there is a "federal rule" requiring that priority be given to well qualified candidates in the commuting area. Plaintiff does not identify the alleged "federal rule" or provide a copy of it.

Also of note, Plaintiff at p. 2 of his Motion, states that paragraph four of his Original Complaint sets out the factual basis for these other claims. However, there is no separate discrete cause of action set forth any specific information (i.e. dates or time of occurrence) in that complaint or in Plaintiff's motion for new trial.

Plaintiff's Original Complaint states that he was subjected to discrimination because of his age in violation of 29 U.S.C. 623 and 633a (ADEA). *Plaintiff's Original Complaint at ¶1.* In Defendant's Answer to the Plaintiff's Original Complaint, Defendant admitted that this Court had jurisdiction over Plaintiff's age discrimination complaint by virtue of 29 U.S.C. 633a (not 29 U.S.C. 623). In addition, Plaintiff alleged jurisdiction under 28 U.S.C. 1331 and 1336, which Defendant denied.

Plaintiff further alleged that Defendant vloated: 5 U.S.C. 2302, 5 C.F.R. 185.103, 31 C.F.R. 0.207, 29 C.F.R. 1614.108, and MD110, Ch 6, X111.1. *See Plaintiff's Original Complaint at ¶¶ 1 and 3.* Defendant, in his Answer, denied that any of these provisions vested this Court with jurisdiction to proceed over Plaintiff's age discrimination claim. It now appears that Plaintiff takes the position that these additional provisions some how create additional causes of action over which this Court has jurisdiction. Plaintiff is not correct.

(1)   Plaintiff cites to 28 U.S.C. 1336 as a basis for jurisdiction. This statute, however, pertains to Surface Transportation Board orders.

(2)   Plaintiff cites to 28 U.S.C. 1331, (federal question jurisdiction), but he sets forth no facts to support this basis.

(3) Plaintiff, a federal employee, cites to 29 U.S.C. 623 as a basis for jurisdiction. However, this statutory section does not apply to federal employees.

(4) Plaintiff cites to the Whistleblower Protection Act (WPA) at 5 U.S.C. 2302 as a basis for jurisdiction. This statute pertains to "whistleblowers." Plaintiff has never alleged he was the victim of whistleblower activity. At Defendant's Exhibit 10 Defendant's Summary Judgment Motion, Plaintiff's Formal Complaint of Discrimination makes reference only to Age Discrimination–not to any whistle blower activities. Furthermore, the WPA does not give an aggrieved party the right to seek redress by going directly to district court. See, *Hooks v. Army and Air Force Exch. Serv.*, 944 F. Supp. 503, 506 (N.D. Tex. 1996). A whistleblower complainant must seek relief through the Merit Systems Protection Board by first seeking corrective action through the Office of Special Counsel. See 5 C.F.R. 1209.2. In the case at bar, Plaintiff has taken no such action to exhaust his administrative remedies under the WPA nor has he produced any evidence indicating that he has exhausted his administrative remedies under the WPA.

(5) Plaintiff cites to 5 C.F.R. 185.103 (basis for civil penalties and assessments for submitting false claims), 31 C.F.R. 0.207 (regulation requiring cooperation with government officials during an investigation), 29 C.F.R. 1614.108 (procedure for investigating a complaint), and MD110, Ch 6, X111.1 (EEO Management Directive). These federal regulations and EEO Management Directive do not create additional causes of action or confer jurisdiction on this Court.

The only cause of action pled by the Plaintiff over which this Court had jurisdiction to proceed, was that of age discrimination pursuant to 29 U.S.C. 633a (ADEA). In his Formal

Complaint of Discrimination, Plaintiff claimed only that he was the victim of age discrimination. See *Defendant's Exhibit 10 to Defendant's Summary Judgment Motion*. Consequently, when the Final Agency Decision was issued, it addressed only the issue of age discrimination. See, *Defendant's Exhibit 11 Defendant's to Summary Judgment Motion*. Accordingly, when this case was called for its initial conference, Plaintiff, through his counsel, confirmed that this was an "age discrimination case". See *Defendant's Exhibit "A"* attached hereto, at p. 2, lines 11-14.

Thus, contrary to what Plaintiff suggests, this lawsuit involved only a claim of age discrimination, and nothing more.

    B.    **Even now, Plaintiff Has Not Provided Evidence Establishing a Pretext of Discrimination.**

In its January 23, 2006 decision granting the Defendant's summary judgment motion, this Court correctly concluded that Plaintiff failed to substantiate a pretext of discrimination by producing evidence that demonstrates that discrimination was the real basis for the employer's decision. *Rubenstein v. Adm'rs. of the Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

In what appears to be an attempt to show a pretext of discrimination, Plaintiff attempts to make his case by misstating or mis-characterizing the testimony provided by Defendant's witnesses. For example, at page 2 of Plaintiff's Motion, Plaintiff states that Gurdit Dhillon testified that "Defendant could promote without regard to relevant federal laws with the supposed magical wand Dhillon called 'operational need'". Plaintiff has provided no evidence to support the implication suggested in this statement. At page 2 of Plaintiff's Motion, Plaintiff incorrectly states that he was entitled to a preference as a result of living in the immediate Port of Brownsville area. There is no evidence to suggest that Plaintiff – or any other Brownsville

applicant – was entitled to such a preference[2].

Notably, Plaintiff–whose name appeared on the selection register-also takes issue with the selection register that was used to list the qualified applicants for the position at issue. Plaintiff argues that a rating and ranking panel was necessary. However, once again, the Plaintiff misread the portion of the Merit Promotion Plan which indicated that no rating and ranking panel was necessary where there were only a certain number of applicants. See, *Defendant's Exhibits 3 and 6 to Defendant's Summary Judgment Motion.*

Plaintiff also complains that the interviews for the position should have been done by an interview panel. However, Plaintiff has not produced any evidence indicating or showing the existence of a requirement of an interview panel.

Plaintiff also tries to suggest some form of discrimination pretext by suggesting that not all the candidates on the Selection Register were interviewed. Once again, however, even if true, Plaintiff has not provided any evidence of how any individual that was not interviewed for the position (1) was qualified for the position, and (2) how that action (i.e. not interviewing the another candidate) harmed the Plaintiff. See also, *Defendant's Exhibit 6 at pp.9-11 to Defendant's Summary Judgment Motion.*

Plaintiff also attacks the qualifications of Gilbert Aldaz–the man awarded the position at issue. Plaintiff's statement that Aldaz did not meet the minimum qualifications is simply wrong. As evidenced by the testimony of Gurdit Dhillon as well as Aldaz's application package, Aldaz was more than qualified for the position. See, *Defendant's Exhibits 6, at pp. 56, 67-68, 79 and 8 to Defendant's Summary Judgment Motion.*

---

[2] The Investigative File contains a document which refers to minimum areas of consideration, not maximum areas of consideration. Plaintiff simply misread that document.

At p. 3 of Plaintiff's Motion, Plaintiff sets forth his theory that Dhillon brought in Aldaz to spy on Margie Gutierrez because she had filed sexual harassment claims against him. Even if this statement were true, it gives no support to Plaintiff's claim that he was discriminated against on the basis of age. This theory was not part of Plaintiff's Original Complaint. In fact, if if this theory was true, it would undermine Plaintiff's argument that he was discriminated against on the basis of age.

Plaintiff also complains that documentation requested during the course of the deposition was not produced[3]. Plaintiff, however, never conducted any follow-up to his requests. Plaintiff was served with Defendant's Summary Judgment Motion on December 1, 2005, yet he filed no motions to compel nor made any formal or informal requests seeking the documentation. More confusing, however, is Plaintiff's inexplicable discussion regarding assumptions to be drawn from "non-produced" documents when - a few lines above this statement - Plaintiff states that Defendant admitted that such documents never existed. (See the first paragraph at p. 4 of Plaintiff's Motion).

3.   **Conclusion**

In short, Plaintiff has failed to sustain his burden of proof, even at this juncture of the case. Plaintiff has not produced any evidence of age discrimination because there was no age discrimination. Plaintiff's belated attempts to raise other theories for employment discrimination have no support as a matter of law.

Therefore, Plaintiff's Motion for New Trial/Reconsideration/Clarification should be denied.

---

[3] The depositions in this case took place after the discovery deadline lapsed. Defendant, as a courtesy to Plaintiff's counsel, agreed to produce his witnesses after the expiration of the discovery deadline established in this case.

Respectfully submitted,

CHUCK ROSENBERG
UNITED STATES ATTORNEY

**/s/ Nancy L. Masso**
NANCY L. MASSO
Assistant United States Attorney
600 East Harrison St., No. 201
Brownsville, TX 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing, including attached exhibits:

***DEFENDANT'S RESPONSE IN OPPOSITION TO***
***PLAINTIFF'S MOTION FOR NEW TRIAL AND/OR RECONSIDERATION***

were served upon Plaintiff's Attorney of Record via certified mail, return receipt requested (and ECF) at :

Denis A. Downey
Attorney at Law
1185 FM 802, Suite 3
Brownsville, Texas 78521

February 21, 2006                             **/s/ Nancy L. Masso**
Date                                          NANCY L. MASSO
                                              Assistant United States Attorney