```
                IN THE UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                       BROWNSVILLE DIVISION


CARLOS ATKINSON                  )
                                 )
                                 )
                                 ) CIVIL ACTION NO.
VS.                              ) B-04-039
                                 )
THOMAS J. RIDGE                  )
                                 )


                       PRETRIAL CONFERENCE
              BEFORE THE HONORABLE ANDREW S. HANEN
                          MAY 27, 2004

APPEARANCES:

For the Plaintiff:       MR. DENIS A. DOWNEY
                         1185 FM 802, Suite 3
                         Brownsville, Texas

For the Defendant:       MS. NANCY MASSO
                         Assistant United States Attorney
                         Brownsville, Texas


Transcribed by:          BARBARA BARNARD
                         Official Court Reporter
                         600 E. Harrison, Box 301
                         Brownsville, Texas  78520
                         (956)548-2591
```

**CERTIFIED COPY**

DEFENDANT'S EXHIBIT A

```
 1            THE COURT:  Good morning.  Be seated.
 2       All right.  This is -- get the file -- B-04-39, Carlos
 3  Atkinson versus Thomas Ridge.  And just for the record,
 4  Mr. Downey, if you'd make your announcement, and Ms. Masso.
 5            MR. DOWNEY:  Yes.  Dennis Downey appearing for the
 6  plaintiff, Your Honor.
 7            MS. MASSO:  Nancy Masso present on behalf of the
 8  defendant, Your Honor.
 9            THE COURT:  All right.  This is -- Mr. Downey, go ahead
10  and sit down.  Y'all can sit down.
11       This is an age discrimination case?
12            MR. DOWNEY:  It is, Your Honor.
13            THE COURT:  And is there anything unusual about it?
14            MR. DOWNEY:  I don't really believe so, Your Honor.
15            THE COURT:  Okay.  This doesn't get a jury, does it?
16            MS. MASSO:  No, it doesn't.
17            THE COURT:  I don't think so, okay.  How long do you
18  think you need to get it ready?
19            MR. DOWNEY:  We talked about some -- may I remain
20  seated?
21            THE COURT:  Yeah, sit down.
22            MR. DOWNEY:  We discussed having discovery cutoff in
23  January, experts designated in November, and final pretrial
24  sometime in March; is that right?
25            MS. MASSO:  Yeah.  I think that we were thinking that
```

1  the motions deadline would flow from the discovery deadline
2  probably, you know, 15 to 30 days after that.
3          THE COURT:  Is this the kind of case that's going to
4  take some experts?
5          MS. MASSO:  I'm -- I'm not really sure.  I just put that
6  in there to be on the safe side.  I know that from the
7  government's perspective, I don't think we anticipate any
8  experts, but I --
9          THE COURT:  My concern about the schedule we're kind of
10 kicking around here is every time you put an expert cutoff date
11 in November and like a discovery cutoff in January, you know,
12 all of a sudden you have the Christmas holidays and Thanksgiving
13 holidays; and if there's a lot of experts, invariably that
14 doesn't work because everybody has got different holiday plans.
15         MS. MASSO:  I think that was one reason we put discovery
16 in January or the discovery cutoff for the end of January,
17 because we figured December would be -- I don't know.  I don't
18 anticipate any experts, do you?
19         MR. DOWNEY:  No, I don't think this is that type of case
20 because of the circumstances.
21         THE COURT:  And, you know, I'm not trying to talk you
22 out of having a deadline.  I just wanted to make sure it was a
23 reasonable one.  You know, if this was a medical case and you
24 had 50 doctors testifying, you know, two months over the
25 Christmas holidays wasn't going to work.

1       MS. MASSO: Well, it's our position anyway that under
2  the ADEA, they're not entitled to compensatory damages. But, of
3  course, he may want to bring in some testimony for the equitable
4  part. I don't know. But perhaps we should make it October or
5  September. I think that that would be fine too. We should
6  certainly know by September.
7       THE COURT: Yeah. Well, I think it's -- I don't think
8  it's unreasonable. Why don't we say, Mr. Downey, that you're
9  going to name your experts by -- hold on. Let me see if I
10 have -- let me see if I have an '05 calendar. Yeah, I do.
11 Okay. November 5th maybe? That's a Friday. Why don't we say
12 11/5 for the plaintiff's experts, and then maybe 12/10 for the
13 government's experts, if any, and then discovery to be completed
14 by, let's say, what, January 21st? Does that give y'all -- that
15 gives you plenty of time, I would think.
16      MS. MASSO: I would think so.
17      THE COURT: And is this the kind of case, Ms. Masso,
18 that we're going to see some kind of summary judgment motion
19 from you? I mean, you don't know right now; but, I mean,
20 anticipatorily-wise?
21      MS. MASSO: Usually on these Title 7 and ADEA cases, I
22 do try to file a summary judgment motion, yes.
23      THE COURT: So when do you think you'd be ready to file
24 that, given the three dates I just gave?
25      MS. MASSO: I think that 30 days by the conclusion of

1  discovery.

2  THE COURT: So -- let's see.

3  MS. MASSO: Like mid to late February.

4  THE COURT: So why don't we say February -- you're going
5  to file your dispositive motions by February 18th?

6  MS. MASSO: Okay.

7  THE COURT: Let me see. Make his response due more or
8  less in mid March. If we do it that way, this is eventually
9  going to be probably on next May's docket. Is that workable for
10 both y'all?

11 MR. DOWNEY: That's fine.

12 MS. MASSO: Yes.

13 THE COURT: So we're going to -- the dates aren't
14 finalized yet, but the final pretrial and the jury selection
15 will be in May. It won't be a jury selection, but the trial
16 will be in May. And then as a consequence of that, let me say
17 that your joint pretrial order will be due -- this will be a
18 date we'll all remember -- April 15th. Don't mix your tax
19 returns with the exhibits.

20 Okay. I'm not going to give y'all a non-dispositive motion
21 cutoff, especially since it's a bench trial. I mean, if
22 there's -- you know, I'll handle them as they come up.

23 Is there any chance we're going to have any other parties,
24 Mr. Downey?

25 MR. DOWNEY: No, Your Honor.

```
1          THE COURT:  All right.  Just arbitrarily, I'm going to
2  give you until June 25th to add any new parties, just for the
3  sake of having it in the order in case something comes up that
4  you haven't thought of.  And what's our best guesstimate?  Three
5  days, four days in trial?
6          MS. MASSO:  That's what I was thinking, because these
7  types of cases usually have quite a few people.  I know that we
8  have 12 candidates that were interviewed, so I don't know how
9  many of those we may have.
10         THE COURT:  What are you thinking, Mr. Downey?
11         MR. DOWNEY:  Yeah, I think we're probably looking at 14
12 to 15 witnesses, so I think three days is probably --
13         MS. MASSO:  I think that's reasonable.
14         THE COURT:  Yeah.  And since it's a bench trial, we can
15 pretty much cut to the chase.  I mean, but I realize that from
16 the plaintiff's standpoint, you're, unless this is the most
17 unusual discrimination case I've seen, going to have to prove it
18 circumstantially, not by some guy getting on the stand
19 confessing that, "Yeah, we fire all the old guys or don't
20 promote them."
21         MR. DOWNEY:  We think this case is going to be easier
22 than that actually, but --
23         THE COURT:  Well, good.  I'm all for easy cases.  And
24 sometimes they work out that way.  We tried a slip and fall case
25 not too long ago where -- you know, usually the fight is over
```

1   whether the premises owner knows of the defect.  And here not
2   only the premises owner knows of the defect, they had the whole
3   thing on film and had a videotape of everybody standing there
4   watching it and not doing anything to clean it up, so --
5       All right.  I'm going to just kind of pencil it in for our
6   working -- for the court's working schedule as a three-day
7   trial.
8       You'll be getting the dates once -- once the calendar is set
9   for the final pretrial, and then that's when we'll figure out
10  probably when you're going to trial at the final pretrial, but
11  you'll go sometime in May.
12      You both have been in here before, so you know that y'all
13  can -- with the exception of the -- when the pretrial order is
14  due, which is April 15th, and whenever I set the final pretrial
15  conference, you can change any date you want to by agreement, as
16  long as you send the court a letter signed by both of you
17  saying, "We've changed this date."
18          MR. DOWNEY:  Okay.
19          THE COURT:  And that's merely so I have a record of it,
20  so later on if a dispute arises as to, "Well, he named this
21  expert late," or, "He didn't name this expert late," I know
22  whether there was agreement between y'all to change the date.
23  You don't have to file a motion.  Just send me a letter.
24      Anything else we can take up?  I mean, it seems pretty
25  straightforward.

```
 1        MS. MASSO:  No, I don't think we have anything that we
 2   need to take up.
 3        MR. DOWNEY:  I don't believe so.
 4        THE COURT:  All right.  Okay.  Great.  Well, hopefully
 5   we won't see this case again until May.  Thank y'all.  We'll
 6   stand adjourned.
 7                          * * *
 8      (End of requested transcript)
 9                         -oOo-
10    I certify that the foregoing is a correct transcript from
11   the record of proceedings in the above matter.
12
13   Date:   February 10, 2006
14
15                                    _____
16                                    Signature of Court Reporter
17                                    Barbara Barnard
```