# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# —BROWNSVILLE DIVISION—

| | |
|---|---|
| CARLOS ATKINSON,　　　　　　　§ | |
| 　　Plaintiff,　　　　　　　　　　　§ | |
| 　　　　　　　　　　　　　　　　　§ | |
| vs.　　　　　　　　　　　　　　　§ | CIV. NO. B-04-039 |
| 　　　　　　　　　　　　　　　　　§ | |
| THOMAS J. RIDGE, Secretary　　　§ | |
| U.S. Department of Homeland Security, § | |
| 　　Defendant.　　　　　　　　　　§ | |

## ORDER

Pending before the Court is Plaintiff's Motion for New Trial/Reconsideration/Clarification. [Docket No. 16]

On January 23, 2006, this Court granted Defendant's Motion for Summary Judgment on an age discrimination claim and dismissed this case, holding Plaintiff failed to offer evidence of the falsity of Defendant's allegations or evidence that age was not a motivating factor. Although Plaintiff never filed a response to Defendant's Motion for Summary Judgment, less than two weeks after this Court's order granting said motion the Plaintiff filed the instant Motion for New Trial/Reconsideration/Clarification. Plaintiff argues in his motion that the age discrimination claim was merely a portion of his complaint and that the Court failed to address the fact that "Defendant violated multiple non-age discrimination federal employment laws." [Docket No. 16] While Plaintiff's motion references "well-established federal employment law," "federal law," "federal regulations," and "federal merit/selection rules," he fails to cite a single specific statute in his motion. Further, he represented to this Court that this was simply an age discrimination case during

a May 27, 2004 Pretrial Conference.[1]  Turning to the Plaintiff's actual Complaint, the Court does find that other statutes are mentioned:

> Cause of Action.  Plaintiff Atkinson alleges that he has been subjected to discrimination in violation of 29 U.S.C. § 623 and § 633a (ADEA) because of his age.  Plaintiff says that he is over the age of forty (40) years and has earlier initiated and exhausted his relevant administrative remedies and is now therefore entitled to file this lawsuit in federal district court (DHS Complaint no. 03-0048; Agency Case No. TD 02-2207).  Plaintiff further alleges that Defendant violated § 2303 of Title 5, United States Code, 5 C.F.R. 185.103, 31 C.F.R. 0.207, 29 C.F.R. 1614.108, and MD110, Ch 6, X111.1.

[Docket No. 1, ¶ 3]  Although Plaintiff has not provided any information as to how 5 U.S.C. § 2302, various C.F.R.s, and an EEOC Management Directive were violated, the Court will evaluate each of Plaintiff's allegations in turn.

The Civil Service Reform Act, 5 U.S.C. § 2302, prohibits certain discriminatory personnel actions against federal employees.  However, Section 2302 does not provide a private right of action. *Broadway v. Block*, 694 F.2d 979, 983-84 (5th Cir. 1982).  Thus, this Court does not have jurisdiction to hear a claim predicated under 5 U.S.C. § 2302.

After evaluating the various sections of the Code of Federal Regulations and the EEOC Management Directive, the Court is satisfied that none of them provide Plaintiff with a cause of action that can be heard in this Court.  The issuance of a complaint alleging false claims under 5 C.F.R. 185.103 requires an investigation, official review, and approval by the Department of Justice.

---

[1] THE COURT: This is an age discrimination case?

MR. DOWNEY: It is, Your Honor.

THE COURT: And is there anything unusual about it?

MR. DOWNEY: I don't really believe so, Your Honor.

"Cooperation with Official Inquiries," 31 C.F.R. 0.207, requires Treasury employees to "respond to questions truthfully . . . when directed to do so by competent Treasury Authority," and only provides for disciplinary action by the Department of the Treasury in the case of violations. Complaints under 29 C.F.R. 1614.108 must be filed "with the agency that allegedly discriminated against the complainant," and provides for an appeal to the EEOC; thus, an original complaint cannot be filed in district court. Finally, Chapter 6 of EEOC Management Directive 110 does not provide a cause of action. While the Court was not able to find a paragraph "X111.1," a review of Chapter 6 and paragraph XIII revealed no actual cause of action, only policies and procedures for dealing with EEOC complaints.

Based on the above review of Plaintiff's allegations, this Court sees that the Plaintiff has not asserted a valid claim in this case. Plaintiff or his counsel would be better served to file a timely response to any pending motion rather than waiting until after the ruling to make an argument. For the aforementioned reasons, Plaintiff's Motion for New Trial/Reconsideration/Clarification is **DENIED**.

Signed this 14th day of March, 2006.

                                                    Andrew S. Hanen
                                                  United States District Judge